(98 App. Div. 64)

### NEUMAN et al. v. MORTIMER.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. EXECUTION—JUDGMENT FOR NECESSARIES.

A judgment in an action on a judgment of another state is not one recovered for necessaries, within Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, authorizing an order for execution on such a judgment against income from a trust fund.

2. SAME—APPLICATION FOR ORDER—SHOWING AS TO OTHER EXECUTIONS.

The allegation, on an application for an order for an execution against the income of a trust fund, that "there is now no execution on this judgment now outstanding or not returned," does not satisfy Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, providing, as a condition for the order, that "no execution * * * is unsatisfied and outstanding against said judgment defendant"; it not being shown that there are not executions on other judgments outstanding and unsatisfied.

3. SAME—EFFECT OF PRIOR JUDGMENT.

A judgment adverse to plaintiffs in an action to have declared and applied on their judgment against defendant a surplus from the income of a trust for his benefit is conclusive against their right to thereafter have an order, under Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, for an execution against income from such trust to satisfy their judgment against him.

4. SAME—NOTICE.

Applications under Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, for an order for execution, must be on notice.

Appeal from Special Term, New York County.

Action by Peter Neuman and another against John Mortimer. From an order denying a motion to vacate an order directing the issuance of an execution, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John Ewen, for appellant.
William D. Tyndall, for respondents.

O'BRIEN, J. The plaintiffs brought an action against the defendant in the Supreme Court of New Jersey, which resulted in April, 1896, in a judgment for the sum of $323.95 damages and costs. Thereafter, in the Supreme Court of this state, in the county of Queens, the plaintiffs brought an action on the New Jersey judgment, and recovered a judgment for $387.35. Prior to the recovery of this judgment,

¶ 4. See Execution, vol. 21, Cent. Dig. § 159.

the defendant's mother, by will, created a trust in his favor, and appointed a trustee to pay over to him income from the principal of the trust fund during his lifetime, and upon his death to his lawful issue, with the right, however, to the defendant to dispose of the same by an instrument in the nature of a will. After the recovery of the judgment in Queens county, an action was brought by the plaintiffs to have declared and applied upon the judgment a surplus from the income of this trust. It having been found upon the trial that the income was no more than sufficient for the support of the defendant and his family, the complaint in that action was dismissed. In September, 1903, the plaintiffs applied ex parte for an order under the amendment of section 1391 of the Code of Civil Procedure, which went into effect on September 1, 1903 (Laws 1903, p. 1071, c. 461), and which provides:

"Where a judgment has been recovered wholly of necessaries sold ＊ ＊ ＊ and where an execution issued upon the said judgment has been returned wholly or partly unsatisfied, and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become ·due and owing to him to an amount exceeding twenty dollars per week, and where no execution issued as hereafter provided in this section is unsatisfied and outstanding against said judgment debtor, the judgment creditor may apply to the court in which said judgment was recovered, and upon satisfactory proof of such facts by affidavit or otherwise, the court ＊ ＊ ＊ must grant an order directing that an execution issue against the wages, debt, earning, salary, income from trust funds or profits of said judgment debtors. ＊ ＊ ＊"

An order was thereupon entered directing "that an execution issue ＊ ＊ ＊ against the wages, debt, earnings, salary, income from trust funds, or profits of said judgment debtor, under and pursuant to the statute." A motion was made to vacate this order upon the papers upon which it was granted, which motion was denied, and from the order entered upon such denial, the defendant appeals.

We think that the ex parte order under section 1391 of the Code of Civil Procedure, for various reasons appearing upon the face of the papers, should not have been granted. As a basis for the right to issue an execution under this section of the Code, two essential facts should be made to appear—one, that the judgment was recovered wholly for necessaries sold; and the other, that no execution was outstanding. The judgment here sought to be enforced was not obtained wholly for necessaries, being one obtained in an action brought on a judgment of the Supreme Court of New Jersey. Assuming that the original cause of action in New Jersey was wholly for necessaries, the action here was on a judgment, and not on the original cause of action.

The second essential fact that should appear to give a judgment creditor the right, under this section of the Code, to such an order, is that no execution remains outstanding against the judgment debtor. Here the affidavit states that "there is now no execution on this judgment now outstanding or not returned." This averment may be true, but it does not follow that other executions on other judgments are not outstanding and unsatisfied. Nor do we find any answer to the suggestion that the judgment in the action brought to have declared a surplus payable out of the income of the judgment creditor was an adjudication that no portion of the income from this fund be diverted from the

beneficiary, and, as there is no claim that there was any other fund that could be reached, that judgment was, as between the parties, upon this subject, conclusive.

As a question of practice, all applications under section 1391 must be upon notice. The debtor has a right to be heard before an execution under this provision of the Code is allowed.

For the reasons given, we think that the motion to vacate the order should have been granted. The order appealed from is accordingly reversed, with $10 costs and disbursements, and the motion to vacate the order directing the execution to issue be granted, without costs. All concur.