(98 App. Div. 485)

ROBERTS v. MACK et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. WITNESSES—COMPETENCY.
    In a suit to set aside a deed as fraudulent· as to creditors, brought by a judgment creditor of the grantor against the grantor and the executrix and heirs of the. deceased grantee, the grantor is incompetent, under Code Civ. Proc. § 829, to testify as a witness for plaintiff to a conversation with the deceased grantee; the grantor being interested in the event of the suit, and the other defendants deriving their title through the deceased grantee.

2. SAME—PARTY ENTITLED TO RAISE QUESTION OF COMPETENCY.
    In a suit to set aside a deed as fraudulent as to creditors, brought against the grantor and the executrix and heirs of the grantee, the executrix and heirs are entitled to question the competency of the grantor as a witness for plaintiff to testify to a conversation had with his deceased grantee.

Appeal from Trial Term, Monroe County.

Action by Elizabeth Roberts against Henry Mack and others. From a judgment dismissing the complaint after a trial by the court without a jury, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Jay K. Smith, for appellant.
Chamberlain & Page, for respondents.

STOVER, J. This action was brought to have a deed executed by one of the defendants declared void as in fraud of creditors. The grantee of the alleged fraudulent debtor died before the commencement of this action, and his executrix and heirs are defendants. Plaintiff is a judgment creditor of the alleged fraudulent grantor.

Upon the trial the grantor in the alleged fraudulent deed was produced as a witness, and was asked to state conversations which took place between himself and his deceased grantee. This was objected to as incompetent under section 829 of the Code of Civil Procedure, and the objection was sustained. We think the evidence was properly excluded. The section so often construed is as follows:

"Upon the trial of an action, or the hearing upon the merits of a specia' proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest

or title, by assignment or otherwise, shall not be examined as a witness, in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator, survivor, committee or person so deriving title or interest, is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence concerning the same transaction or communication. * * *"

· The witness was certainly a party interested in the event, for, if the plaintiff succeeded, the debt of the witness would, to the extent that the property was sufficient to satisfy it, be extinguished.

Reliance is had upon the case of Gillies v. Kreuder, 33 Hun, 314. In that case the grantor in the deed died, and the grantee was permitted to testify to transactions with the deceased grantor. That case may be distinguished from the one at bar in that particular. In this case it must be quite clear that the witness was interested in the event. The defendants derive their title through the deceased, and we see no valid reason for holding that the defendants were not entitled to raise the objection. We think that the witness was within the prohibition of the statute, that the witness would be disqualified from testifying in his own behalf in an action against the grantee, and that the plaintiff's claim being under him the testimony is therefore within the prohibition. The parties objecting to the testimony were the personal representatives and heirs of the deceased, and undoubtedly derived their title from the deceased, and were entitled to raise the objection. The judgment was right, and should be affirmed.

Judgment and order affirmed, with costs. All concur.