### W. & J. SLOANE v. TIFFANY.

(Supreme Court, Appellate Division, First Department. April 20, 1905.)

1. EXECUTION—APPLICATION FOR SPECIAL EXECUTION—NECESSITY OF NOTICE.
   Application for execution under Code Civ. Proc. § 1391, authorizing a special execution to be issued on a judgment for necessaries against the income from trust funds or profits due or to become due the judgment debtor, must be made on notice to the judgment debtor and the trustees of the fund against which execution is sought.

2. CONSTITUTIONAL LAW—VESTED RIGHTS—LEGISLATIVE INFRINGEMENT.
   Code Civ. Proc. § 1391, authorizing a special execution to be issued on a judgment for necessaries against the income from trust funds or profits due or to become due the judgment debtor, if intended to affect rights acquired under trusts created and in operation before its passage, amounts to an unconstitutional destruction of existing property rights.

Appeal from Special Term.

Action by W. & J. Sloane against Burnett Y. Tiffany. From an order vacating an order under which a special execution was issued, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. W. McGuire, for appellant.
B. Tuska, for respondent.

PATTERSON, J. The plaintiff, a creditor of the defendant, recovered a judgment "wholly for necessaries sold by it to the defendant," and an execution was issued against the defendant's property, and was returned unsatisfied. Thereafter it made an application to the court for leave to issue an execution under section 1391 of the Code of Civil Procedure, and it was shown that the defendant, the judgment debtor, was in receipt of an income from a trust fund created by the will of his father; that the income from such

trust fund amounted to $18,000 a year. The trustees, who were also the executors of the will of the defendant's father, are named in the moving papers.

It is provided by section 1391 of the Code of Civil Procedure that:

"Where a judgment has been recovered wholly for necessaries sold, * *. * and where an execution issued upon such judgment has been returned wholly or partly unsatisfied, and where any * * * income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him, to an amount exceeding twenty dollars per week, and where no execution issued as hereafter provided in this section is unsatisfied and outstanding against said judgment debtor, the judgment creditor may apply to the court in which said judgment was recovered, and upon satisfactory proof of such facts, by affidavit or otherwise, the court * * * must grant an order directing that an execution issue against the * * * income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such * * * income from trust funds * * * are due and owing, or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy * * * upon the income from trust funds * * * which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid, or until modified."

The plaintiff made an ex parte application for an execution under that section of the Code, and it was granted. Thereupon the defendant moved to have the execution vacated. The execution was vacated, and the plaintiff appealed. On the motion several grounds were urged for vacating the order for execution to issue, but one of which it is necessary to consider.

The application for the execution was, as said, made ex parte. It is claimed that, under the phraseology, of section 1391 of the Code of Civil Procedure, it was proper to make it in that manner. There is nothing in the section which directs the manner in which the judgment creditor shall apply to the court, but that does not necessarily imply that such application may be made ex parte. This provision relates not only to depriving the beneficiary of a portion of the income provided for his support, but it also affects the duty of trustees, and they, as well as the beneficiary, are entitled to notice before interference with the rights of either is justified. In Neuman v. Mortimer, 98 App. Div. 67, 90 N. Y. Supp. 526, we said, "As a question of practice, all applications under section 1391 of the Code of Civil Procedure must be upon notice." The debtor has a right to be heard before an execution under this provision of the Code is allowed. We are of opinion that the trustee is also entitled to be heard on such an application.

The order vacating the execution should therefore be affirmed, with $10 costs and disbursements.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. In addition to the reasons assigned by Mr. Justice PATTERSON for affirming the order appealed from, it seems to me that, if the part of section 1391 of the Code under

consideration was intended to affect rights acquired under trusts created and in operation before the passage of the act, it would be unconstitutional. The Legislature has no power to destroy existing property rights by legislation.