CARRIE A. S. KING and LIZZIE J. S. WEED, as Executrices, etc., of SARAH J. SAWYER, Deceased, Respondents, *v.* GEORGE IRVING, Appellant.

*Execution under a judgment for necessaries — chapter 461 of the Laws of 1903, amending the Code of Civil Procedure, § 1391, is not retroactive — a trustee, ten per cent of whose trust fund is sought, should be made a party.*

Section 1391 of the Code of Civil Procedure, as amended by chapter 461 of the Laws of 1903, permitting an execution upon a judgment for necessaries to be issued, and requiring the payment upon the judgment of ten per cent of the income of the trust fund created for the judgment debtor, is not retroactive and, consequently, does not apply to a trust created for the benefit of a judgment debtor by a will admitted to probate in 1894.*

In any event, in view of the provision of the section limiting the amount to be taken to ten per cent of the income of the trust fund, and making the trustee personally liable if he does not pay as directed therein, the trustee is a necessary party to a motion for such an execution.

APPEAL by the defendant, George Irving, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of December, 1904, directing that an execution issue against the income of the defendant, a judgment debtor, received from or under a trust created by the will of Washington Irving, Jr., deceased.

*James M. Ball*, for the appellant.

*Thomas Holden, Jr.*, for the respondents.

---

* See *Sloane* v. *Tiffany* (*post*, p. 540).

McLAUGHLIN, J. :

This appeal is from an order directing that an execution issue under section 1391 of the Code of Civil Procedure, as amended by chapter 461 of the Laws of 1903. The appellant, under his brother's will, which was admitted to probate by the Surrogate's Court of the county of New York on the 25th of October, 1894, is entitled to receive a certain income from a trust fund created therein and held by the executrices and trustees thereof. The will provides that one-third of the income from such fund is " to be paid by my said executrix and executors and trustees to my said brother George Irving, during his natural life, in such payments as my said executrix, executors and trustees shall think most advisable, but such payments to be at least as often as every six months and to be made to him personally or to his order." The defendant, as appears from this record, receives, under this provision of his brother's will, about $1,700 a year. Having become indebted to the plaintiffs for necessaries and having failed to pay the same, they obtained judgment against him for $364, upon which execution was duly issued and returned unsatisfied. Thereupon plaintiffs applied under section 1391 of the Code of Civil Procedure, as amended by chapter 461 of the Laws of 1903, for leave to issue an execution against such income, and an order was made to that effect, which also directed that one of the trustees named in the will pay to the sheriff of the county of New York the sum of $170 each year out of said income, until the said judgment with interest, expenses, etc., be fully paid. The defendant appeals from this order.

I think this order must be reversed. It will be observed on referring to the section of the Code of Civil Procedure under which the order was made, that in no event can more than ten per cent of the income be taken, and if the trustee does not pay as directed he becomes personally liable, and an action may be maintained by the plaintiffs to recover the same from him. To justify the seizure of $170 a year, the income must be at least $1,700 a year, and while the papers used on the motion seem to establish that this income is about that amount, that is not binding upon the trustee, inasmuch as he was not a party to, and took no part in, the motion. Clearly he is entitled to be heard on that subject, and it would seem that the other trustees ought also to be made parties to the application,

as power does not appear to be lodged in one to manage the testator's estate, or definitely determine how much income shall be paid.

I am also of the opinion that this application should have been denied for another reason. The trust created by the will of the defendant's brother took effect on or before October 25, 1894. It was a valid trust, and the testator in the manner provided by law disposed of his property. He directed that a certain income should be paid to his brother personally or upon his order. This he had a right to do, and it is difficult to see how the Legislature has power to direct payment in a different way. The general rule is that a statute is not to have a retroactive effect unless its express letter requires that it should be so construed. (*New York & Oswego M. R. R. Co.* v. *Van Horn,* 57 N. Y. 473; *Bottjer* v. *Supreme Council,* 78 App. Div. 546.) There is nothing in this statute indicating a legislative intent that it should apply to a trust created by will prior to its passage, and full effect can be given to the statute by holding that it does not have a retroactive effect. It might well be held, if it be given a retroactive effect, that it is unconstitutional. Defendant's brother, at the time the will was made, had a right to make it in precisely the way he did. That was then a valid trust, and one-third of the income had to be paid as directed in the will. It could not be reached by execution, and it may be doubted whether the Legislature has the power thereafter to pass a law which shall in effect destroy a part of the will.

The order appealed from, therefore, must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.