W. & J. Sloane, Appellant, *v.* Burnett Y. Tiffany, Respondent.

*Execution on a judgment for "necessaries" against the income of a trust fund — it can only be issued on notice — constitutionality of section 1391 of the Code of Civil Procedure as to pre-existing trusts.*

An application, made by a person who has recovered a judgment "wholly for necessaries sold" to the defendant, for an execution under section 1391 of the Code of Civil Procedure against the income of a trust fund created for the benefit of the judgment debtor cannot be made *ex parte;* it can be made only upon notice to the judgment debtor and to the trustees of the trust fund.

Said section of the Code of Civil Procedure would be unconstitutional if intended to affect rights acquired under trusts created and in operation before the passage of said section.*

Appeal by the plaintiff, W. & J. Sloane, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1905, vacating and setting aside an order theretofore entered in the action under which special execution was issued.

*Elisha W. McGuire,* for the appellant.

*Benjamin Tuska,* for the respondent.

Patterson, J.:

The plaintiff, a creditor of the defendant, recovered a judgment " wholly for necessaries sold " by it to the defendant, and an execution was issued against the defendant's property and was returned unsatisfied. Thereafter it made an application to the court for leave to issue an execution under section 1391 of the Code of Civil Procedure and it was shown that the defendant, the judgment debtor, was in receipt of an income from a trust fund created by the

---

* See *King* v. *Irving (ante,* p. 420).— [Rep. ·

will of his father; that the income from such trust fund, amounted to $18,000 a year; the trustees, who were also the executors of the will of the defendant's father, are named in the moving papers.

It is provided by section 1391 of the Code of Civil Procedure that "Where a judgment has been recovered wholly for necessaries sold, * * * and where an execution issued upon said judgment has been returned wholly or partly unsatisfied and where any * * * income from trust funds or profits (is) due and owing to the judgment debtor, or shall thereafter become due and owing to him, to an amount exceeding twenty dollars per week and where no execution, issued as hereafter provided in this section, is unsatisfied and outstanding against said judgment debtor, the judgment creditor may apply to the court in which said judgment was recovered and upon satisfactory proof of such facts by affidavit or otherwise, the court * * * must grant an order directing that an execution issue against the * * * income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such * * * income from trust funds * * * (is) due and owing, or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the * * * income from trust funds * * * due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified."

The plaintiff made an *ex parte* application for an execution under that section of the Code of Civil Procedure and it was granted. Thereupon the defendant moved to have the execution vacated. The execution was vacated and the plaintiff appealed. On the motion several grounds were urged for vacating the order for execution to issue but one of which it is necessary to consider.

The application for the execution was as said made *ex parte*. It is claimed that under the phraseology of section 1391 of the Code of Civil Procedure it was proper to make it in that manner. There is nothing in the section which directs the manner in which the judgment creditor shall apply to the court, but that does not

necessarily imply that such application may be made *ex parte.* This provision relates not only to depriving the beneficiary of a portion of the income provided for his support, but it also affects the duty of trustees and they as well as the beneficiary are entitled to notice before interference with the rights of either is justified. In *Neuman* v. *Mortimer* (98 App. Div. 67) we said : " As a question of practice, all applications under section 1391 of the Code of Civil Procedure must be upon notice." The debtor has a right to be heard before an execution under this provision of the Code of Civil Procedure is allowed. We are of opinion that the trustee is also entitled to be heard on such an application.

The order vacating the execution should, therefore, be affirmed, with ten dollars costs and disbursements.

INGRAHAM, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

VAN BRUNT, P. J. (concurring):

In addition to the reasons assigned by Mr. Justice PATTERSON for affirming the order appealed from, it seems to me that if the part of section 1391 of the Code of Civil Procedure under consideration was intended to affect rights acquired under trusts created and in operation before the passage of the act, it would be unconstitutional. The Legislature has no power to destroy existing property rights by legislation.

INGRAHAM, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.