### RINGE v. MORTIMER.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

EXECUTION—PROPERTY SUBJECT—TRUST FUNDS.

    Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, and Laws 1905, p. 370, c. 175, authorizing executions on judgments for necessaries against the income from trust funds due judgment debtors, does not authorize an execution against an income payable under a trust created in a will probated in 1894.

Appeal from Special Term, Kings County.

Action by Henry Ringe against John Mortimer. From an order vacating an order directing an execution, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Warren S. Burt, for appellant.
William H. Cochran, for respondent.

JENKS, J. This is an appeal from an order of the Special Term, vacating an order granted under section 1391 of the Code of Civil Procedure, directing that execution issue against part of the income payable to the defendant from a trust during his life, and vacating the execution issued thereunder. The trust was created under a will probated in 1894. The amendment by chapter 175, p. 370, of the Laws of 1905 of section 1391 of the Code of Civil Procedure, as amended by chapter 461, p. 1071, of the Laws of 1903, does not affect the full application of the judgments of the First Department of this court in King v. Irving, 103 App. Div. 420, 92 N. Y. Supp. 1094, and Sloane v. Tiffany, 103 App. Div. 540, 93 N. Y. Supp. 149.

I am of opinion that we should follow them, and I therefore advise the affirmance of the order, with $10 costs and disbursements.

WOODWARD, HOOKER, and RICH, JJ., concur. GAYNOR, J., concurs in result.