### DEMUTH v. KEMP.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

EXECUTION (§ 41*)—PROPERTY SUBJECT—TRUST FUND—INCOME—STATUTES.

Laws 1903, p. 1071, c. 461, as amended by Laws 1905, p. 370, c. 175, amending Code Civ. Proc. § 1391, so as to authorize an execution under certain circumstances to be levied on the income of a trust fund to which the judgment debtor was entitled, was not retroactive, and had no application to the income of a trust created by a will probated in December, 1893.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 94; Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Action by Jeannette Demuth against George Kemp. From an order denying defendant's motion to vacate an order directing the issuance of an execution against a trust fund, to which defendant was entitled to the income, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

R. M. Farries, for appellant.
L. Alexander, for respondent.

McLAUGHLIN, J. The defendant appeals from an order denying his application to vacate and set aside an order, made ex parte, directing an execution to issue, pursuant to section 1391 of the Code of Civil Procedure, against 10 per cent. of the income derived from a trust created for his benefit by the will of his father.

The affidavit, on which the order directing the issuance of the execution was granted, alleges that the plaintiff recovered a judgment on the 14th of May, 1902; that execution was issued thereon, which was returned unsatisfied; that the father of the judgment debtor died on the 23d of November, 1893, leaving a last will and testament and codicil thereto, which were duly probated on the 27th of December, 1893, and by the will and codicil the testator gave to his executors in trust $150,000, to collect and receive the income therefrom, and, after paying the expenses connected with the care and management of the trust estate, to apply the balance to the use of the appellant herein; that thereafter the New York Life Insurance & Trust Company became, and is now, the trustee of said trust fund; and that there is now due, or hereafter will become due, to the defendant, from the trustee, an amount exceeding the sum of $12 per week, viz., the sum of $125 per week. Upon this affidavit an order was made di-

recting the issuance of an execution to the sheriff of the county of New York, commanding him to levy and collect the plaintiff's judgment out of 10 per cent. of the income derived from such trust estate in the hands of the insurance and trust company. A motion was thereafter made by the defendant to vacate such order, which was denied, and defendant appeals.

A question similar to the one presented by the appeal has already been passed upon by this court in King v. Irving, 103 App. Div. 420, 92 N. Y. Supp. 1094, and Sloane v. Tiffany, 103 App. Div. 540, 93 N. Y. Supp. 149; and it was held that section 1391 of the Code of Civil Procedure, as amended by chapter 461, p. 1071, of the laws of 1903, is not retroactive. And the Second Department, following these decisions, held in Ringe v. Mortimer, 116 App. Div. 722, 101 N. Y. Supp. 1110, that this section of the act, as amended by chapter 175, p. 370, of the Laws of 1905, did not have a retroactive effect. Since these decisions, the section was further amended by chapter 148, p. 433, of the Laws of 1908, which took effect September 1st of that year. This amendment, however, is immaterial, and in no way impairs the decisions theretofore made under the section. The trust created by the will of the defendant's father took effect upon his death, which occurred on the 23d of November, 1893. It was a valid trust, and he directed that the income from the trust fund should be paid to his son. Being a valid trust, he had a right to direct to whom the income should be paid, and the Legislature had no power to change it, or direct that payment should be made to any other person. A statute is not to be construed so as to have a retroactive effect, unless its terms require that it should be so construed. New York & Oswego M. R. R. Co. v. Vanhorn, 57 N. Y. 473; Bottjer v. Supreme Council, 78 App. Div. 546, 75 N. Y. Supp. 805, 79 N. Y. Supp. 684. There is nothing in this statute indicating that the Legislature intended it should apply to a trust created and which became effective prior to the passage of the act; and, if such were the intent, the statute, in my opinion, would be unconstitutional, inasmuch as it would destroy at the time of its passage existing property rights, and this the Legislature does not have the power to do.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.