### KELLY v. MULCAHY.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. EXEMPTIONS (§ 68*)—EXCEPTIONS—"NECESSARIES."

A judgment for damages caused by negligence is not one recovered for "necessaries," within Code Civ. Proc. § 1391, authorizing an order for execution against the wages or salary of the judgment debtor, when the judgment was obtained wholly for necessaries furnished.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 5, pp. 4693–4703.]

2. EXEMPTIONS (§ 8*)—STATUTES—RETROACTIVE EFFECT.

Laws 1908, p. 433, c. 148, amending Code Civ. Proc. § 1391, so as to authorize an execution to be issued against the wages or salary of the judgment debtor where they amount to $12 a week or more, was not retroactive, and had no application to a judgment recovered before September 1, 1908, when it took effect.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 8; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by James Kelly, administrator, against John Mulcahy. From an order denying a motion to vacate an order directing that an execution issue against defendant's salary, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and SCOTT, JJ.

John H. McCrahon, for appellant.

Alfred Steckler, for respondent.

McLAUGHLIN, J. The plaintiff, on the 9th of March, 1907, in an action to recover damages for the death of her intestate caused by the negligence of the defendant, recovered a judgment against him for a substantial sum. On the 12th of December, 1908, execution upon the judgment having been issued and returned unsatisfied, the plaintiff, without notice to the defendant, applied under section 1391 of the Code of Civil Procedure for, and obtained from the court, an order directing that an execution issue against the salary of the defendant. The defendant moved upon notice to vacate the order, which was denied, and he appeals.

This section, when the judgment was recovered, provided, among other things, that in order to obtain an execution against the wages

or salary of the judgment debtor the judgment must have been obtained wholly for necessaries furnished or work performed in a family as a domestic. An execution against the salary of the defendant could not have been issued when the judgment in this action was recovered, because it was for the damages caused by his negligence. Neuman v. Mortimer, 98 App. Div. 64, 90 N. Y. Supp. 524. This section has, however, since then been amended (chapter 148, p. 433, Laws of 1908) by providing that an execution may issue against the wages or salary of the judgment debtor where such wages or salary amount to $12 per week or more. But the amendment did not apply to judgments recovered before it took effect, which was September 1, 1908. It does not have a retroactive effect, and, as this court has several times held, applies only to judgments recovered after that statute went into effect. King v. Irving, 103 App. Div. 420, 92 N. Y. Supp. 1094; Sloane v. Tiffany, 103 App. Div. 540, 93 N. Y. Supp. 149; Ringe v. Mortimer, 116 App. Div. 722, 101 N. Y. Supp. 1110; Demuth v. Kemp (decided by this court at the last February term, not yet officially reported) 115 N. Y. Supp. 28.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.