### BAYLISS v. RYAN.

(Erie County Court. July 1, 1909.)

EXEMPTIONS (§ 8*)—STATUTES—RETROACTIVE EFFECT.

Code Civ. Proc. § 1391, as amended by Laws 1908, p. 433, c. 148, to go into effect September 1, 1908, providing that where a judgment "has been recovered" and wages "are due and owing" to the judgment debtor, or shall thereafter become due and owing, the judge must grant an order directing that an execution issue against wages which are "due and owing," or may thereafter become due and owing, to the judgment debtor, is retroactive, and applies to a judgment recovered before the amendment

---

went into effect, it furnishing simply an additional remedy, and not impairing any contractual or property right.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 8; Dec. Dig. § 8.*]

Action by Jacob W. Bayliss against George Ryan. Defendant moves to set aside an order allowing a garnishee execution to issue. Denied.

Louis J. Voltz, for plaintiff.
Westphal & Allen, for defendant.

TAYLOR, J. Plaintiff recovered and docketed in the Erie county clerk's office in 1906 a judgment against defendant for $30.95. In December, 1908, as county judge of Erie county, I granted an ex parte order allowing a garnishee execution to issue under section 1391 of the Code of Civil Procedure as it existed on and after September 1, 1908 (Laws 1908, p. 433, c. 148). The defendant moves to set aside this order upon the ground that the judgment upon which it was based was recovered and docketed prior to September 1, 1908, and that, therefore, the statute in question does not apply to said judgment for the reason that it is not retroactive.

Said section 1391 reads in part as follows:

"Where a judgment has been recovered and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages * * * (or) salary * * * are due and owing to the judgment debtor, or shall thereafter become due and owing to him in the amount of twelve dollars per week * * * the court * * * or a judge or justice. must grant an order directing that an execution issue against the wages * * * (or) salary * · * * of said judgment debtor *. * * due and owing, or (which) may thereafter become due and owing to the judgment debtor * * * to the amount specified therein, which shall not exceed ten per centum thereof * * *."

The judgment debtor makes no complaint as to the plaintiff's not having complied with any of the provisions of said section, but bases his motion strictly upon the ground hereinbefore mentioned. The judgment debtor relies upon the recent decisions of the First Department of the Appellate Division in the cases of Kelly v. Mulcahy, 116 N. Y. Supp. 61, and Laird v. Carton, 116 N. Y. Supp. 851. Inasmuch as I am compelled to hold contrary to these decisions, I deem it proper to advise counsel of my reasons therefor.

The decisions just mentioned are based upon two former decisions of the same court, viz., those in King v. Irving, 103 App. Div. 420, 92 N. Y. Supp. 1094, and Sloane v. Tiffany, 103 App. Div. 540, 93 N. Y. Supp. 149. An examination of the opinions in the last-mentioned cases shows that the court in the King Case held solely, and with entire propriety, that the income from a trust fund created for the benefit of the judgment debtor prior to the time when the statute in question went into effect could not be reached under it, for the reason that there was nothing in the statute indicating a legislative intent that it should apply to a trust created by will prior to its passage, and intimating that a vested constitutional right would thereby be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

impaired, and that, for those reasons, the statute could not be held retroactive; for if so held it would be unconstitutional.

In the Sloane Case, the income of a trust fund created prior to the time when the act went into effect was again under consideration, and the order was set aside mainly, if not entirely, because the application for the order was made ex parte, when the statute, as it then existed, did not expressly authorize such an application. Then in the Kelly and Laird Cases the same court says that it has already declared this section not retroactive in the two cases first mentioned, and therefore it must hold that the section is not retroactive "so as to cover a judgment recovered prior to September 1, 1908." I cannot see that this last-mentioned conclusion is based upon logical reasoning. The holding in the King Case that the statute should not be retroactive so as to impair an existing contractual or property right was no authority for holding the same statute not to be retroactive in its effect upon a simple remedy of the judgment creditor. The question before me is whether a contractual or property right of the judgment debtor is taken away if the act be held retroactive so as to include a judgment recovered before September 1, 1908, or whether such a holding simply adds a remedy assisting the creditor in enforcing an existing right. I believe the latter to be the case, in spite of the Kelly and Laird decisions above mentioned. I appreciate that:

"It is always to be presumed that a law was intended, as is its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment. A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such an effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only." N. Y. & O. M. R. Co. v. Van Horn, 57 N. Y. 473.

However, the statute in question, as quoted in part hereinbefore by me, expressly says:

"Where a judgment has been recovered [not 'shall have been']  *  *  * and wages are due and owing to the judgment debtor, or shall thereafter become due and owing  *  *  *  the judge must grant an order directing that an execution issue against wages which are due and owing, or may thereafter become due and owing."

Furthermore, an examination of the authorities from Morse v. Goold, 11 N. Y. 281, 62 Am. Dec. 103, down through Myers v. Moran, 113 App. Div. 427, 99 N. Y. Supp. 269, and Meyer v. Halberstadt, 44 Misc. Rep. 408, 89 N. Y. Supp. 1019, makes it clear to my mind that this statute, if held to cover a judgment recovered before September 1, 1908, impairs no contractual or property right of the judgment debtor so as to render the statute unconstitutional, but rather that it simply furnishes to the judgment creditor an additional remedy to enable him to enforce a previously existing right, and that, therefore, considering its wording, it should be held to be retroactive in this particular.

The motion of the judgment debtor is denied, but, under all the circumstances, without costs.