RINSCHLER v. BELL.

(Supreme Court, Special Term, New York County. July 20, 1909.)

1. EXEMPTIONS (§ 121*)—PROPERTY SUBJECT—WAGES—MOTION TO VACATE.
   On a motion to vacate a special execution against wages, authorized by Code Civ. Proc. § 1391, as amended by Laws 1908, p. 433, c. 148, a mere allegation in the moving papers that the judgment was not for necessaries, without any allegation as to the nature of the debt on which it was founded, was insufficient to entitle the debtor to relief.
   [Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 121.*]

2. APPEAL AND ERROR (§ 479*)—APPELLATE COURTS—RULES OF DECISION.
   While the Supreme Court is bound by a decision of the Appellate Division that Laws 1908, p. 433, c. 148, amending Code Civ. Proc. § 1391, so as to authorize an execution against the wages of the debtor amounting to $12 a week or more, is not retroactive, such decision having been certified to the Court of Appeals, the Supreme Court would stay the vacation of an execution issued against wages on a judgment rendered prior to the taking effect of the amendment until after the determination of the appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 479.*]

Action by one Rinschler against one Bell. On defendant's application for vacation of a special execution against wages. Granted, subject to stay pending determination of an appeal.

Philip J. Dunn, for plaintiff.
Henry C. Burnstine, for defendant.

ERLANGER, J. Plaintiff obtained a judgment against the defendant in the Municipal Court on August 27, 1908, for $185.63. An execution was issued thereunder and returned unsatisfied. Plaintiff then applied under section 1391 of the Code, and obtained an order directing

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

that execution issue against the wages, earnings, and salary of the defendant, and thereafter one was issued and served upon the comptroller, who, up to the present time, has retained out of the salary of the defendant the sum of $30. A motion is now made to vacate both the order and the execution upon the ground that the judgment was not entered for necessaries, and for the additional reason that, as it was entered prior to September 1, 1908, section 1391 of the Code (as amended by Laws 1908, p. 433, c. 148) does not apply, because its effect is not retroactive.

That the judgment was for necessaries is satisfactorily established from the opposing papers. Nowhere in the moving papers is it shown upon what the judgment was founded, except the statement that it was not for necessaries, which is a mere conclusion, and wholly insufficient in itself to entitle the debtor to the relief sought by this application. The objection, however, that the act in question is prospective in its operation and does not affect judgments entered prior to September 1, 1908, seems to be well taken. Kelly v. Mulcahy, 131 App. Div. 639, 116 N. Y. Supp. 61; Laird v. Carten (Sup.) 116 N. Y. Supp. 851. The court is advised that the latter case has been certified to the Court of Appeals, for the purpose of obtaining its views on the question whether a "salary execution" may be allowed on a judgment obtained prior to September 1, 1908, and the argument set down for October 4, 1909. While this court is bound by the decisions of our Appellate Division, it is of the opinion, in view of the certification referred to, that no harm can result to the debtor if the levy is not immediately released, whereas the creditor may suffer injury if such an order is made.

In the circumstances, the motion will be granted; but the vacatur of the levy on the salary of the judgment debtor will be stayed until the Court of Appeals shall decide the appeal to which reference has been made. If the appeal is there affirmed, the stay may be vacated; if reversed, and it shall be determined that the statute is retroactive, leave is granted to the judgment creditor to apply to this court, on notice, to modify the order to be entered hereon, in so far as it grants the motion.