BREARLEY SCHOOL, Limited, v. WARD.

(Supreme Court, Appellate Term.   March 10, 1910.)

CONSTITUTIONAL LAW (§ 191*)—RETROACTIVE LEGISLATION.

    The amendment of Code Civ. Proc. § 1391, made by Laws 1908, c. 148, allowing an execution to issue upon an income derived from a trust fund, although the judgment was not recovered wholly for necessaries or for work performed as a domestic, etc., had a retroactive effect so far as the intent of the Legislature was concerned, and is unconstitutional as far as it applies to a trust theretofore created.

    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 534; Dec. Dig. § 191.*]

Appeal from City Court of New York, Special Term.

Action by the Brearley School, Limited, against Beverley Ward. From an order of the City Court of the City of New York, denying a motion for an order under Code Civ. Proc. § 1391, plaintiff appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Root, Clark & Bird, for appellant.

William G. Chittick (Louis W. Dinkelspiel, of counsel), for respondent.


WHITNEY, J.   This is an application by a judgment creditor, under section 1391 of the Code of Civil Procedure as amended in 1908, to reach the income of a fund bequeathed in 1877 to trustees to invest and to "pay over the net income or interest  *  *  *  in quarterly payments" to the judgment debtor.   I think that the amendment of 1908 had a retroactive effect so far as the intent of the Legislature is concerned, and that the cases relied upon as the basis of the decision to the contrary in Kelly v. Mulcahy, 131 App. Div. 639, 116 N. Y. Supp. 61, followed by Laird v. Carton, 132 App. Div. 176, 116 N. Y. Supp. 851, were overruled, so far as they construed the intent of the statute, when the latter decision was reversed in 196 N. Y. 169, 89 N. E. 822.

But the question still remains whether the statute as thus construed is constitutional so far as it applies to a trust theretofore created. The class of trusts to which this belongs came into the law of our state rather accidentally, by judicial construction of a passage in the Revised Statutes of 1830 (Leggett v. Perkins, 2 N. Y. 297, 321, 329; Gray on Restraints on the Alienation of Property [2d Ed.] Appendix 1A).   The Revised Statutes themselves permitted the income to be reached by creditors to a certain extent.   Williams v. Thorn, 70 N. Y. 270; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251.   But whether they are to be construed as preventing future legislation from further extending the remedies of creditors is a question which is probably settled in the affirmative.   See Metcalfe v. Union Trust Co., 181 N. Y. 39, 73 N. E. 498.   Certainly so in this department.   Sloane v. Tiffany,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

103 App. Div. 540, 542, 93 N. Y. Supp. 149; Demuth v. Kemp, 130 App. Div. 546, 115 N. Y. Supp. 28.

The order should be affirmed, with $10 costs and disbursements. All concur.