THE BREARLEY SCHOOL, Lim., Appellant, *v.* BEVERLY WARD, Respondent.

(Supreme Court, Appellate Term, March, 1910.)

Constitutional law — Deprivation of life, liberty or property without due process of law —Acts affecting remedies — Retroactive statutes.

The amendment of 1908 to section 1391 of the Code of Civil Procedure, extending the remedies of creditors of beneficiaries of

trust estates, cannot be construed as applicable to a trust theretofore created without violating the constitutional provisions against retroactive legislation.

Appeal by the plaintiff from an order of the City Court of the city of New York, denying a motion for an order under section 1391 of the Code of Civil Procedure.

Root, Clark & Bird, for appellant.

William G. Chittick (Louis W. Dinkelspiel, of counsel), for respondent.

Whitney, J. This is an application by a judgment creditor, under section 1391 of the Code of Civil Procedure, as amended in 1908, to reach the income of a fund bequeathed in 1877 to trustees to invest and to " pay over the net income or interest  *   *   *   in quarterly payments " to the judgment debtor. I think that the amendment of 1908 had a retroactive effect, so far as the intent of the Legislature is concerned; that the cases relied upon as the basis of the decision to the contrary in Kelly v. Mulcahy, 131 App. Div. 639, followed by Laird v. Carton, 132 id. 176, were overruled, so far as they construed the intent of the statute, when the latter decision was reversed in 196 N. Y. 169. But the question still remains whether the statute as thus construed is constitutional, so far as it applies to a trust theretofore created. The class of trusts to which this belongs came into the law of our State rather accidentally, by judicial construction of a passage in the Revised Statutes of 1830. Leggett v. Perkins, 2 N. Y. 297, 321, 329; Gray Alienation (2d ed.), Appendix 1 A. The Revised Statutes themselves permitted the income to be reached by creditors to a certain extent. Williams v. Thorn, 70 N. Y. 270; Tolles v. Wood, 99 id. 616. But whether they are to be construed as preventing future legislation from further extending the remedies of creditors is a question which is probably settled in the affirmative (see Metcalfe v. Union Trust Co., 181 N. Y. 39), certainly so in this department. Sloane v.

Tiffany, 103 App. Div. 540, 542; Demuth v. Kemp, 130 id. 546.

The order should be affirmed, with ten dollars costs and disbursements.

SEABURY and GUY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.