## DEMUTH v. KEMP.

(Supreme Court, Appellate Division, Second Department. April 28, 1911.)

JUDGMENT (§ 140*)—DEFAULT JUDGMENT—VACATING.

> Where defendant voluntarily and on advice of counsel abandoned his defense and permitted judgment, apparently because he was then execution proof, he cannot afterwards have such judgment vacated as though taken by default.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 252; Dec. Dig. § 140.*]

Appeal from Special Term, Kings County.

Action by Jeannette Demuth against George Kemp. From an order vacating a judgment for plaintiff, she appeals. Reversed, and motion denied.

See, also, 127 N. Y. Supp. 1117.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

James S. McDonogh (Francis X. McDonough and Gerald Van Casteel, on the brief), for appellant.

Joseph Brewster, for respondent.

HIRSCHBERG, J. The order appealed from vacates an inquest taken in May, 1902, which resulted in a judgment in favor of the plaintiff for the sum of $41,324.63. The order is granted on the payment of the costs, with interest to date and the costs of the motion; the judgment to stand as security for such judgment as may result in favor of the plaintiff on a new trial. The order cannot be upheld. The judgment was entered on the abandonment by the defendant of whatever defense he may have had to the plaintiff's claim, the abandonment being intentional, deliberate, and in accordance with legal advice given to him at the time by his own counsel; and no reason appears for a new trial, excepting that the plaintiff may now be able to collect a portion of the claim, which she has been unable to do during the many years intervening.

The action was commenced by personal service of the summons and a verified complaint on the 24th day of April, 1900. The plaintiff's claim was based on two promissory notes, made by the defendant to the plaintiff's order, one for $21,000, and one for $300, and on money loaned by the plaintiff to the defendant at various times. Issue was joined by the service of a verified answer in the month of May, 1900. It admitted the making of the promissory notes, but denied the delivery of the larger one. It alleged that the smaller note had been paid, and on information and belief denied the allegations of the complaint as to the money loaned. From the date of the joining of issue until the entry of the judgment the case was noticed for trial by the plaintiff and frequently placed on the day calendar of the court, but was marked "off" from time to time at the defendant's request, in reliance by the plaintiff's attorney upon promises of settlement. It is undisputed that the defendant finally abandoned whatever defense he may have had,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

under the advice of his own counsel, and permitted judgment to be entered. No appeal was ever taken, nor has the validity or integrity of the judgment been assailed by the defendant in any way, until the making of the motion which has resulted in the order now appealed from.

It appears from the papers that the defendant's sole financial resources consist of income arising from certain trust funds, which, at the time of the entry of the judgment and until recent amendments to section 1391 of the Code of Civil Procedure, were exempt from execution. By virtue of that section, however, as amended, a percentage of the income is now subject to levy; and this fact appears to be the only discoverable reason why the defendant desires at this late day to endeavor to defeat the plaintiff's claim.

Some time prior to the year 1909 the plaintiff obtained an order in the First department granting her leave to issue an execution against the defendant's income, and a motion made by the defendant to vacate the order was denied at Special Term. The order was reversed on appeal by the Appellate Division, and the motion to vacate the order granting leave was granted. See Demuth v. Kemp, 130 App. Div. 546, 115 N. Y. Supp. 28. In the proceedings then taken no claim appears to have been made by the defendant that the plaintiff's judgment was an unjust or improper one, the sole assault being made on the plaintiff's right to collect it from the defendant's trust income; and the decision of the Appellate Division rested on the proposition that section 1391 of the Code did not apply to a trust estate created before the section was amended. In June, 1910, the First department decided the case of Brearley School, Limited, v. Ward, 138 App. Div. 833, 123 N. Y. Supp. 614, holding that the amendment to section 1391 of the Code, which permits the issuance of an execution against trust funds, was retroactive and could be enforced against the proceeds of a trust created before the passage of the act; and the motion now under consideration was made after that decision, and after an appeal therefrom had been argued in the Court of Appeals. The decision just cited was affirmed by the Court of Appeals March 28, 1911.

I think the case at bar is controlled by the reasoning in Sutter v. City of New York, 106 App. Div. 129, 94 N. Y. Supp. 515. The defendant has had his day in court. He chose not to avail himself of the right to be heard against the plaintiff's claim, and, as was said in the case cited, the judgment rendered against him "cannot be vacated as though taken by default." The judgment was the result, not of a default, but of a voluntary abandonment. See Herbert Land Co. v. Lorenzen, 113 App. Div. 802, 805, 99 N. Y. Supp. 937. I know of no rule or principle applicable to the orderly administration of justice which would permit a defendant to confess judgment when he thinks he can defeat his opponent on execution, with a reserved option of litigating the claim at any time afterwards, when chance or circumstance may threaten to render it collectible.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.