In the Matter of the Application of SAMUEL SIEGEL to Vacate and Set Aside Certain Executions Issued Pursuant to Section 1391 of the Code of Civil Procedure by LOUIS BENDET against ABRAHAM GUSSOW.

LOUIS BENDET, Appellant; SAMUEL SIEGEL, Respondent.

First Department, July 13, 1917.

**Judgment — execution against wages — practice — notice to employer of application for execution unnecessary — distinction between execution against trust fund and wages.**

Since the amendment to section 1391 of the Code of Civil Procedure relating to executions against wages of the judgment debtor, which provides that an application therefor may be made without notice to him, it is

unnecessary to give notice of the application for such execution to the employer of the judgment debtor, and an execution granted *ex parte* should not be set aside for lack of service upon the employer on the motion of another judgment creditor.

There is a distinction between an execution issued against a trust fund and one issued against salary or wages, for the trustee may owe a duty to the creator of the trust, and hence a trustee is entitled to notice of an application for execution on the fund held by him.

APPEAL by Louis Bendet from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of August, 1916, vacating executions issued pursuant to section 1391 of the Code of Civil Procedure directing the sheriff to levy against the salary due and owing and to become due and owing to Abraham Gussow to satisfy a judgment which the appellant had duly obtained against him.

The orders upon which the executions were issued were granted *ex parte* on the application of the appellant. Both appellant and respondent are judgment creditors of the said Abraham Gussow.

*A. Stephen Aaronstamm*, for the appellant.

*Joseph J. Cunningham*, for the respondent.

LAUGHLIN, J.:

The ground upon which the executions were set aside is that notice of the applications therefor should have been given to the employers of the judgment debtor. The application upon which the executions were set aside was made, not by either of the employers of the judgment debtor, but by Siegel, likewise a judgment creditor of Gussow, upon whose application a like order for an execution had been granted on the 12th of July, 1916, subsequent to the orders authorizing the executions in favor of the plaintiff. In *Neuman* y. *Mortimer* (98 App. Div. 64) this court expressed the opinion that as a question of practice all applications for executions under section 1391 of the Code of Civil Procedure should be made upon notice upon the ground that the judgment debtor was entitled to be heard; and in *Sloane* v. *Tiffany* (103 App. Div. 540) and *King* v. *Irving* (Id.

420) we held that where the application is for an execution to reach trust funds the trustee also was entitled to notice. After the decision in *Neuman* v. *Mortimer* (*supra*) and about the time the decisions in the other two cases were announced, but evidently before they became known, the Legislature by chapter 175 of the Laws of 1905, which was enacted on the 11th day of April, 1905, and took effect immediately, amended said section 1391 by providing that applications for executions thereunder might be made without notice to the judgment debtor.* It may be that the Legislature intended by that amendment to authorize *ex parte* applications, but it did not so specifically provide. The validity of that amendment was sustained by this court in *Pistchal* v. *Durant* (168 App. Div. 101), but it was there held that it did not dispense with notice to a trustee. An appeal from that decision was dismissed (216 N. Y. 644).

There is a distinction between an execution issued against a trust fund and one issued against salary or wages. The trustee may owe a duty to the creator of the trust and many trusts are created with a view to the protection of the *cestui que trust*. It is quite immaterial to an employer to whom he pays the salary or wages due to an employee if, as under said section, the payment discharges the indebtedness, and since the employee himself is not entitled to notice it would seem to follow that the Legislature did not intend to require notice to the employer and that there is no necessity for such notice. The issuance of the execution creates no liability against the employer and the statute prescribes his duty with respect to the subsequent payment of wages or salary due to the judgment debtor.

It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

* See, also, Laws of 1908, chap. 148; Laws of 1911, chaps. 489, 532; Laws of 1914, chap. 352.— [REP.