J. FRANCIS BOORAEM, Appellant, *v.* WALTER W. GIBBONS and KATHRYN GIBBONS, Respondents.

In the Matter of Supplementary Proceedings: J. FRANCIS BOORAEM, Judgment Creditor, Appellant, *v.* WALTER W. GIBBONS and KATHRYN GIBBONS, Judgment Debtors, Respondents.

(Consolidated Appeals.)

First Department, April 17, 1942.

*Morton Milman* of counsel [*Charles Howard Levitt*, attorney], for the appellant.

*John F. X. Finn* of counsel [*John T. Sullivan*, attorney], for the respondents.

PER CURIAM. The default judgment entered against defendants in June, 1932, should not have been vacated. Defendants' excuse for the ten years' delay in moving to vacate is that the attorney who appeared for them, and who has since died, did not advise them of the default judgment. Even assuming this to be so, we think that in the exercise of ordinary care and diligence defendants could have ascertained all the necessary facts concerning the outcome of their litigation with plaintiff. It is quite clear that defendants, who suffered numerous other default judgments, were spurred to act in this case only when plaintiff's vigilance uncovered available assets for the payment of his judgment.

Where the judgment is the result not of a default, but of an abandonment, the judgment should not be vacated or set aside. (*Demuth* v. *Kemp*, 144 App. Div. 287, 289.) Parties seeking to be relieved from their defaults must show a reasonable excuse for their neglect. (*Clews* v. *Peper*, 112 App. Div. 430.) Upon the papers submitted defendants have failed satisfactorily to account for their neglect.

The order entered October 18, 1941, and the order entered January 22, 1942, so far as appealed from, should be reversed, with ten dollars costs and disbursements, and the motion to open the default and vacate the judgment and the order in supplementary proceedings, and for other relief, should in all respects be denied. The order entered January 29, 1942, granting the judgment debtors' motion to vacate orders for the examination of the judgment debtors and of a third party should be reversed, with ten dollars costs and disbursements, and the motion in all respects denied.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). After a careful examination of the record I think it cannot reasonably be said on the papers before us that the Special Term abused its discretion in opening this default. Plaintiff's claim was an alleged oral agreement by defendants

that if one Farrington failed to pay notes (representing rent due plaintiff from Farrington as tenant on plaintiff's estate in Greenwich, Conn.), they would pay the notes in the total sum of $3,500. No writing is produced signed by defendants evincing their obligation on this unusual alleged contract.

Plaintiff and defendants are still living and accordingly the lapse of time has not deprived plaintiff of the essential witness to his claim. As to other witnesses who it is claimed would testify to defendants' alleged interest in the so-called Choralcelo venture, defendants swear that these witnesses are available and that they will testify for defendants.

There is no proof in these papers that defendants knew of the judgment and abandoned it. Plaintiff vigorously opposed sending that issue of fact to a referee.

The Special Term properly found that defendants, as clients, implicitly relied on their attorney, now deceased, and had no means of guarding against the default which occurred on the general call of the calendar. While the parties are still living and available, a trial on the merits should be had before this default judgment on this unusual claim is collected with interest on notes dated 1929; the interest amounts to about seventy-two per cent of the original claim. I am convinced that we may do a grave injustice if this order is reversed.

Accordingly I dissent and vote to affirm the orders appealed from.

For the reasons stated in this dissenting opinion, I vote to affirm the order granting the motion of the judgment debtors to vacate the third party order herein and the order for the examination of the judgment debtors in supplementary proceedings.

Order entered October 18, 1941, and order entered January 22, 1942, so far as appealed from, reversed, with ten dollars costs and disbursements, and the motion to open the default and vacate the judgment and the order in supplementary proceedings, and for other relief, in all respects denied.

'Order entered January 29, 1942, granting the judgment debtors' motion to vacate orders for the examination of the judgment debtors and of a third party reversed, with ten dollars costs and disbursements, and said motion in all respects denied.