Abraham N. Geller, J.
Motions Nos. 35 and 36 of August 18,1964 are consolidated. Defendant Klein has moved to vacate a default judgment “ upon the ground of A) newly discovered evidence, B) latent fraud, and C) in the interests of substantial justice.” Plaintiff has cross-moved for an order enjoining said defendant from further litigating this matter and transaction upon the ground that the subject matter of this litigation has been conclusively determined, that said defendant has exhausted all processes of appeal but has subjected plaintiff to numerous vexatious legal proceedings in a baseless, attempt to relitigate it in some form or other.
Plaintiff, a stockbroker, sued in April, 1959 to recover for losses sustained for breach of contract in failing to pay for securities purchased by defendant Klein. In addition to denials *608 and affirmative defenses, he interposed a counterclaim, obtained a bill of particulars and examined plaintiff bef ore trial. During the course of trial before the court in March, 1961 he withdrew his answer and consented to the entry of • judgment. Following a substitution of attorneys representing him he moved to vacate the judgment, claiming that his consent was the product of misunderstanding and confusion. The court granted his application and set the case down for continued trial, but he refused to proceed on the date fixed and an inquest was taken.
He thereafter moved to open his default. That motion was denied in June, 1961. He appealed from the order denying his motion. The Appellate Division unanimously affirmed (16 A D 2d 645) and his subsequent applications to the Court of Appeals for leave to appeal (12 N Y 2d 676) and to the Supreme Court of the United States for certiorari were denied.
As the result of various enforcement measures plaintiff has collected all but about $1,900 of the $13,000 judgment amount. In addition to moving several times unsuccessfully for a stay of enforcement proceedings, defendant has commenced 10 proceedings against plaintiff, certain of its officers and employees, and its attorneys, alleging such matters as conspiracy and libel and slander. Some of these have been dismissed on the merits, others on the ground of res judicata, while some are still pending.
How, more than five years after the transaction and more than three years after the entry of judgment, defendant moves again to vacate the judgment. He alleges that he received a phone call a few months ago from someone who refused to identify himself other than to state that he was associated with plaintiff and that this anonymous caller informed him that plaintiff had not made bona fide sales of his securities but had purchased them for its own benefit and/or that of its agents or subagents. Defendant thereupon proceeded with an investigation of the matter and contends that the attached documentation relating to the sales establishes the charge that plainiff had fraudulently purchased these securities for its own account, although making no claim that plaintiff had sold below the prevailing market prices.
It should be noted that the rule of res judicata applies as well to a judgment by default as after trial (Jasper v. Rozinski, 228 N. Y. 349; Pine v. Conran Co., 51 N. Y. S. 2d 34). Thus, a judgment by default is as conclusive as any other judgment. Here, moreover, it has been conclusively determined that the default was not excusable. Actually, the judgment was the *609 result not of a default but of a voluntary abandonment (see Demuth v. Kemp, 144 App. Div. 287; Booraem v. Gibbons, 263 App. Div. 665). Defendant’s attempt to question at this time the propriety of plaintiff’s sales after 2:00 p.m., on settlement date rather than on the following day must be rejected, since the complaint specifically alleged prior notification thereof to him and his default or abandonment of his defense bars him from relitigating that issue. The judgment must be permitted to stand unless it is clearly shown that it represents an imposition upon the court and that relief is required in the interests of substantial justice.
Even assuming that the concept of ‘' newly discovered evidence,” considered generally with reference to a prior trial, may possibly be applied to a prior default independently of the ground of excusable default, on the theory that defendant would have contested the action had he then known of such evidence, defendant’s offer of proof does not constitute “ newly discovered evidence ” under the rule laid down in the cases before CPLB and incorporated in CPLB 5015, subd. (a), par. 2.
It is a prerequisite for relief under the rule that the “ newly discovered ” evidence must have been unavailable to defendant for the trial or in time to move for new trial under the 15-day provision of CPLB 4405. The anonymous call, obviously, is not evidence in any sense; while the documentary product of defendant’s subsequent investigation could have been obtained in more authentic and complete form long prior to the time of trial. Indeed, information as to the purchasers of defendant’s securities was obtainable at the time of the transaction. The confirmation slips bore the statement that the ‘ ‘ name of other party to contract and date and time of execution will be furnished on request.” Such information could also have been obtained in plaintiff’s examination before trial and bill of particulars.
Moreover, the documentary evidence does not support defendant’s position. If introduced at a trial, it would not have produced a different result, and thereby is deficient in the other requirement of the rule (CPLB 5015, subd. [a], par. 2).
Nor do these documents make any showing of fraud. While CPLB 5015, subd. (a), par. 3 may have broadened relief obtainable for fraud to include intrinsic fraud in the underlying transaction or subject matter of the case (see 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.09), since the policy is in favor of the finality of judgments, relief from judgment requires a finding that, in effect, a fraud has been perpetrated upon the court in obtaining the judgment. , Here, at most, the docu *610 meats available at this late date concerning the- transaction from the several brokers involved may indicate some minor discrepancies. Bnt it is quite clear that all the securities were sold by the plaintiff on the New York Stock Exchange and delivered to -other brokers; that the stocks cleared through the Stock Clearing Corporation and the bonds cleared, in accordance with the usual practice, through -one of the large bond houses; and that they were all sold at prevailing market prices. The fact that some purchases were made by floor specialists is not unusual; in any event, they have not been shown to be connected in any way with plaintiff and clearly appear to have acted for themselves to keep an orderly market and not as agents of plaintiff. There is no basis for the charge of fraud.
Defendant’s motion is accordingly denied, with $20 motion costs to plaintiff.
Plaintiff’s cross motion for injunctive relief is also denied but solely for the reason that -the court is of the opinion that under the circumstances such a sweeping injunction should be granted only in a plenary action for injunction. To prevent a multiplicity of vexatious proceedings and actions a court of equity may enjoin further litigation of a cause of action which has already been adjudicated (28 Am. Jur., Injunctions, p. 716). But here the relief requested extends to any and all acts or statements emanating from the transaction or the ensuing legal proceedings. The granting of a permanent injunction restraining all possible further proceedings related in any way to the transaction may in a proper case be requested in a direct action for such injunction. Plaintiff may, of course, apply to the court where such matter may be brought, as it has apparently done, for a stay or summary dismissal with costs of any baseless and vexatious action or proceeding (see Dresdner v. Goldman Sachs Trading Corp., 240 App. Div. 242, 244; Stewart v. Butler, 27 Misc. 708).