## GILMAN v. COUNTY OF CONTRA COSTA.

The Act prescribing the manner of commencing and maintaining suits by or against counties, passed May, 1854, applies as well to claims existing before its passage, as to those which arose afterwards.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The plaintiff commenced his action November 15th, 1854, against the defendant, upon a contract made between the parties, in 1852, for the building of a county bridge for said county, which was completed by plaintiff in 1853.   The Court below gave judgment for the plaintiff. Defendant appealed.

*John Curry* for Appellant.

I.  A county is not a corporation; it cannot be sued.

This point was so decided by this Court in Hunsacker v. Borden, at July Term, 1855.   Purdy v. The People, 4 Hill N. Y. Rep., 395; 2 Kent Com., 275.

II.  Was the County of Contra Costa liable in this action at the time it was commenced?

In Hunsacker v. Borden, the Court say that " a county government is a portion of the State government, and the county debt created by authority of law is a part of the public State debt, and in the same manner as there is no remedy against the State, there is none against the county."

It seems to me that the principle of this decision is decisive of this case.

If, because the county was a portion of the sovereign State, she was at any time exempt from action, and if in such character she could refuse to pay at all, then, in order to render the county liable in an action upon a duty existing prior to the passage of the Act of 1854, authorizing actions against counties, (see Laws of 1854, p. 45,) it must needs be made to appear that the Legislature did, by affirmative words of enactment, render a county liable upon such past duty.   The Act of 1854 simply provides that suits may be commenced against a county in the same manner as suits against private persons.

A statute, when duly made, takes effect from its date when no time is fixed, and this is now the settled rule.   1 Kent Com, 454, 455; Dwarris on Statutes, 450.

Now, though it may be contended that the Act of 1854 is a remedial statute, and that remedial statutes may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing, and in furtherance of the remedy, still the act in question, if construed to give the plaintiff the right to maintain an action against the county upon a demand which accrued entirely before its passage, is open to the objection that it does impair the vested right enjoyed by the county in its sovereign nature of exemption from actions, and of its power to postpone payment or to refuse to pay at all.

But is the Act of 1854 to be considered as a purely remedial statute ? and if so, can it have such retrospective effect as to create a legal liability, on the part of the county, to perform what, before the passage thereof, was only the *duty* of the county to perform ?    See Compendium of Modern Civil Law by MacReldey, pp. 6, 7, §§ 10, 11.

*S. H. Brodie and G. F. & W. H. Sharp* for Respondent.

The case of Hunsacker *v.* Borden, relied on by appellant, was a suit by *mandamus,* and not an action brought against the county.    The statute of 1854 was not referred to in that decision, and all that the case decided, was that where a board is created with limited power, the Court cannot by its decision revoke the limitation, or confer a power.

This action was brought in 1854, after the passage of the Act, page 194, section 4.

That statute is an enabling one, and is analogous to the section of the Practice Act which enables the assignee of a chose in action to bring an action in his own name instead of in the name of the assignor, even though at the time of the assignment, the assignee could not have maintained the action.

The opinion of the Court was delivered by Mr. Justice TERRY.    Mr. Chief Justice MURRAY and Mr. Justice HEYDENFELDT concurred.

The Act prescribing the manner of commencing and maintaining suits by or against counties, passed May, 1854, applies as well to claims existing before its passage, as those which arose afterwards.

Judgment affirmed.