No. 1,995.

JOHN BENSLEY *et al.* APPELLANTS, *v.* VALENTINE ELLIS *et als.* RESPONDENTS.

SECTION 68 OF THE PRACTICE ACT — CONSTRUCTION OF AMENDMENT OF APRIL 2, 1866.—The Act of April 2, 1866, amending the 68th Secton of the Practice Act, was retrospective in its operation.

IDEM.— A motion to set aside an order, entered at a term of the Court next preceding the passage of the Act of April 2, 1866, amending the 68th Section of the Practice Act, and within five months after the adjournment of said term, was made in due time.

PRACTICE.— ORDER OF DISMISSAL AFTER A CONTINUANCE.—An order of dismissal made during the term, after it is understood by the attorneys of both parties that the cause has been continued for the term, is irregular and must be set aside on a proper showing.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

(T.)

The case is stated in the opinion.

*Jas. McM. Shafter,* for Appellants.

*First*—The case had been ordered continued, prior to the order of dismissal. (*Weston* v. *Manning,* 11 Texas, 327; *Bailey* v. *Knight,* 8 Texas, 58; *Marsh* v. *Morse,* 18 Minn. 3 Bennett, 477; *Barefield* v. *Bryan,* 8 Geo. 463; *Saunders* v. *Coffin,* 16 Ala. 421; *Weeks* v. *Lyon,* 18 Barr. 530; *Burges* v. *Tweedy,* 16 Conn. 39; *Taft* v. *Grosfent,* 5 John. 353; *Haynes* v. *Thorn,* 8 Foster, 386; *Murling* v. *Groter,* 1 Nilton, 116; *Boynton* v. *Foster,* 7 Met. 415.)

*Second*—The Court had no power to dismiss, except upon the motion of a party, or upon notice to the plaintiff. But if the Court had jurisdiction to dismiss, it had jurisdiction to restore under the Statute of 1866.

The Act was unconstitutional. (*Lyons* v. *Gilmore,* 1 How. Miss. 474; *Bronson* v. *Kinzie,* 1 How. U. S. 311; *McCacken* v. *Hayward,* 2 How. U. S. 618; *Foster* v. *The Essex Bank,* 16 Mass. 245; *Commonwealth* v. *Philips,* 11 Pick. 28; *Wilson* v. *Montgomery,* 14 S. & M. 205; *Evans* v. *Montgomery,* 2 W. & S. 218; *Sturges* v. *Crowningfield,* 4 Wheat. 122; *Grattan* v. *Wiggins,* 23 Cal. 16; *People* v. *Tibbetts,* 4 Cow. 358; *Frink* v. *Frink,* 43 N. H. 508; *Vance* v. *Piña,* Oct. 8, 1868; Smith's Commentaries, 305, 387.)

The motion to set aside the order of January 8, 1866, was substantially one for new trial, and within the statute requiring a notice of the decision before plaintiffs were upon their diligence

No brief for respondents was filed.

*Wilson & Crittenden,* for Respondents, on petition for re-hearing.

The principal argument of appellants is placed on the ground, that the provisions of the 68th Section of the Practice Act, giving a summary remedy in cases of mistake, inadvertence, surprise or excusable neglect, are retrospective in their operation.

There is nothing in the language of this provision which necessarily makes it retrospective; and giving it such a

construction, its effect is to take away vested rights. This is a conclusive reason why it should not be so construed.

Smith, in his work on Constitutional Construction (Sec. 533), says : "As a question of construction merely, it is a general rule that a statute is not to be construed retrospectively, or to have a retroactive effect, unless it shall clearly appear that it was so intended by the Legislature, *and not, even then, if such a construction would divest vested rights.*"

The question was very fully examined in *Thorne* v. *Hays* (4 Cal. 127). The case of *Dash* v. *Van Kleeck* (7 Johns. 477), is a leading authority on the subject. In *Sanford* v. *Bennett* (24 N. Y. 20), referring to the decision in *Dash* v. *Van Kleeck,* the Court said : "It was laid down as a principle of universal jurisprudence, that all laws are to be construed as furnishing a rule for future cases only, unless they contain language, unequivocally and certainly, embracing past transactions." Language equally strong has been used by the Supreme Court of the United States, and by the highest Courts of most of the States of the Union. (*United States* v. *Schooner Peggy,* 1 Cranch, 103; *Murray* v. *Gibson,* 15 *How.* 421 — cited with approval in *King* v. *Terrill,* 2 Gray, 331; *Thames Manf. Co.* v. *Lathrop,* 7 Conn. 550; *Perkins* v. *Perkins, Id.* 558; *State* v. *Atwood,* 11 Wis. 422.) "As a general rule, a statute is to operate in *future* only, and is not to be so construed as to affect past transactions." (*Thompson* v. *Alexander,* 11 Ill. 54; *Serris* v. *Breckinridge,* 1 Blackf. 220.)

On this point we ask attention to the case of *Ely* v. *Hatton* (15 N. Y. 595), where a similar question was presented. (*Gates* v. *Salmon,* 28 Cal. 321; *Peck* v. *Vandenberg,* 30 Cal. 1; *Peck* v. *Curtis,* 31 Cal. 209.)

The case of *Donner* v. *Palmer* (23 Cal. 40), is not in point. The question there, related merely to a change in the rules of evidence.

A very thorough examination of the subject will be found in Smith's Commentaries on Constitutional Constructions. (Secs. 149–174.) The conclusion arrived at by this author is, that a statute which attempts to deal with past trans-

actions, and in any manner impairs or disturb vested rights, cannot be maintained, even in the absence of any constitutional prohibition. The reasons given seem to us conclusive; and the doctrine has been laid down in a variety of adjudged cases. (*Bates* v. *Kimball*, 2 Chipman, 77; *Staniford* v. *Barry*, 1 Aiken, 314; *Lewis* v. *Webb*, 3 Greenl. 298; *McCabe* v. *Emerson*, 18 Penn. 111; *Bragg's Appeal*, 43 Penn. 512; *Atkinson* v. *Dunlap*, 50 Maine, 111; *Merrill* v. *Sherburne*, 1 New Hamp. 199.)

RHODES, C. J., delivered the opinion of the Court:

The action of *Bensley* v. *Ellis*, which was pending in the Twelfth District Court, was, on the 8th of January, 1866, ordered to be dismissed. On the 7th of July, 1866, the order of dismissal was, on the plaintiff's motion, set aside, and the cause was restored to the calendar; and, on the 13th of January, 1869, the last order was, on motion of the defendants, set aside, leaving the judgment of dismissal in force. The plaintiffs appeal from the last order.

The plaintiffs attack the order of January 8th, 1866—the judgment of dismissal—on the ground that it was void: First—Because the action had previously been continued for the term. Second—Because the judgment was rendered, without any motion therefor by either of the parties. Third —Because the January Term of the Court was not legal— the term having commenced on the first day of January, and the Court not having been held on that day, and not having been adjourned by the Sheriff or clerk to the second day, the term lapsed. These points, and particularly the third, have been elaborately discussed by counsel, but a decision of them is not essential to a solution of the questions necessarily involved in the appeal. If the judgment of dismissal was void, for either of the grounds urged by the plaintiffs, the order of July 7th, 1866—assuming that the motion came in due time—was legal and proper. If the judgment was not void, but if the attorneys for the respective parties understood that the cause, when called on the calendar, was continued for the term—and it is clearly shown

that they so understood it—then the order was fully justified by Section 68 of the Code, and was right. The only question in respect to the order which is necessary to be noticed is, whether the plaintiff's motion, on which the order was granted, was made in due time. The motion was made on the 5th of July, 1866, after the expiration of the term within which the judgment was rendered.

Section 68, under which the motion was made, was amended in 1866, and the amendment took effect June 2d, 1866. The amendment consisted of a re-enactment of the original section, and the addition of a clause providing that "when, for any cause satisfactory to the Court, or the Judge at chambers, the party aggrieved has been unable to apply for the relief sought during the term, at which such judgment, order or proceeding complained of was taken, the Court, or the Judge at chambers in vacation, may grant the relief upon application made within a reasonable time, not exceeding five months after the adjournment of the term." The question as to whether the motion was in time, depends upon whether this section was intended to have a retrospective operation.

After the section, as amended, took effect, no proceedings could be had under the original section, because it was repealed by the operation of the amendment, and the latter contains no provision saving to parties the right to move or proceed under the repealed section.

Provisions of the character of those provided for in that section have, from the organization of the Courts in this State, constituted a part of the usual proceedings in an action. It would be an unreasonable construction to hold that the Legislature intended to deprive the Court of the power, and the parties to pending actions of the benefit of the exercise of the power, to amend or permit an amendment to a pleading, or to enlarge the time for an answer or demurrer, or to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Should it be held, and there can be no reasonable doubt that the ruling

would be correct, that the Court might, under the amended section, amend a pleading in an action which was pending when the amended section took effect, or relieve a party from a judgment taken against him on the day previous to the taking effect of the amended section, the ruling could be sustained only on the ground that the section, as amended, had a retrospective operation. If the section has a retrospective operation in one case or class of cases, there is no sufficient reason why it should not operate retrospectively upon all judgments and proceedings coming within its terms.

The question in *Gates* v. *Salmon* (28 Cal. 320) was presented under different circumstances, and involved different considerations from those in this case. Had an appeal been given by the former statute from the interlocutory judgment of partition, and had the amendatory Act merely extended the time for the taking of the appeal, the conclusion might have been quite different from that which was reached in that case. An important consideration in that case was, that no provision was made in the statute for a statement on appeal in cases where the interlocutory judgment had already been rendered, and that, for the want of a statement, the appeal might be wholly unavailing. Under the amended statute, in this case, the proceedings are the same as those which were required under the former statute, the only difference in the proceedings being, that under the section as amended, the application for relief may be made within five months after the adjournment of the term, when it is satisfactorily shown that the party was unable to apply for relief during the term.

Our conclusion is, that the statute was intended to have a retrospective operation, and that the application of the plaintiffs for relief was made within due time.

The order of January 13, 1869, setting aside the order of July 7, 1866, is based on the ground that the Court had no jurisdiction to make the latter order, but as that order is valid, the order setting it aside is erroneous.

Order reversed and cause remanded.

CROCKETT, J., did not participate in this decision.