MYERS et al. v. MORAN et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. CONSTITUTIONAL LAW—EXEMPTIONS—CONTRACT.

　　A statute of exemption from execution is not a contract between the state and the judgment debtor, which the state is prohibited from impairing by subsequent legislation.

　　[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, §§ 302, 498.]

2. STATUTES—RETROACTIVE LEGISLATION—EXEMPTIONS.

　　Code Civ. Proc. § 1391, authorizing the issuance of an execution against the wages of the judgment debtor, is a statute relating to the remedy, and therefore authorizes such executions on debts contracted before as well as after its passage.

　　[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, § 356.]

Appeal from Orange County Court.

Action by Emmet Myers and others against Thomas Moran and another. From an order denying a motion to vacate an order allowing execution to issue against the wages of Thomas Moran, he appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

John W. Lyon, for appellant.
Frank Lybelt, for respondents.

JENKS, J. This appeal is from an order of the County Court of Orange county, denying a motion to vacate an order allowing execution to issue against wages under section 1391 of the Code of Civil Procedure. The appeal is based upon the fact that the judgment was entered before the enactment of the statute.

The first point made is that, if the statute be construed as retroactive, it impairs the obligation of a contract. A statute of exemption from an execution is not a contract between the state and the judgment debtor. Such an exemption is a gratuity, not a vested right, and it may be changed as circumstances may dictate. Cooley's Const. Lim. p. 383 et seq.; Bull v. Conroe, 13 Wis. 233; Harris v. Glenn, 56 Ga. 94; Bramble v. Twilley, 41 Md. 435. See, too, Morse v. Goold, 11 N. Y. 282, 62 Am. Dec. 103.

Second. It is said that the language does not unequivocally require a retroactive interpretation. The language of the statute is applicable to existing judgments and is in furtherance of the remedy for the collection of the debt. In Bronson v. Kinzie, 1 How. (U. S.) at page 315, 11 L. Ed. at page 145, the court, per Taney, C. J., say, speaking of the state:

"It may, if it thinks proper, direct that the necessary implements of agriculture, or the tools of the mechanic, or articles of necessity or household furniture, shall, like wearing apparel, not be liable to execution or judgments. Regulations of this description have always been considered, in every civilized community, as properly belonging to the remedy, to be exercised or not by every sovereignty, according to its own views of policy and humanity."

The general rule against retrospective construction does not control a statute affecting a remedy or the rule of procedure in enforcing a

right. See O'Reilly v. Utah, Nevada & Cal. Storage Co., 87 Hun, 406, 34 N. Y. Supp. 358, opinion approved in Isola v. Weber, 147 N. Y. 329, 41 N. E. 704. In Morse v. Goold, supra, an act exempting property from levy and sale on executions was held to apply to judgments and executions on debts contracted before, as well as after, its passage, and the reasoning warrants my conclusion in this case. See, too, Matter of Trustees N. Y. P. E. Public School v. Davis, 31 N. Y., at page 585; Van Rensselaer v. Snyder, 13 N. Y. 299.

The order is affirmed, with $10 costs and disbursements. All concur.