FANNIE S. LAIRD, as Administratrix of the Estate of RICHARD R. LAIRD, Deceased, Appellant, *v.* ANDREW B. CARTON et al., Respondents.

Remedial process — statutes regulating legal remedies may apply to actions which have accrued or are pending as well as to future actions — execution against wages under statute of 1908 — may be issued on judgment previously obtained — construction of contract of employment as to payment of wages.

Statutes regulating legal remedies are generally construed as operative upon an existing condition of things as well as upon conditions to arise after their enactment. Where a new statute deals with procedure only, *prima facie* it applies to all actions — those which have accrued or are pending, and future actions.

Since an execution is a remedial process the court may under section 1391 of the Code of Civil Procedure, as amended in 1908, allow execution to issue against wages, although the judgment upon which the execution is sought was rendered before the enactment of such amendment.

Where a judgment debtor is employed as a salesman under a contract by which he is to receive certain commissions on his sales, is paid a fixed sum each month in advance of the rendition of his services, and at the end of the fiscal year, if it is found that the sales effected by him entitle him to commissions in excess of the amount paid him, he receives the additional commissions, and if he has been overpaid the overpayment is charged against his future commissions, the arrangement amounts to a contract for the payment of wages in advance, and his wages are due and owing to him when he receives them.

*Laird* v. *Carton,* 132 App. Div. 176, reversed.

(Argued October 5, 1909; decided October 19, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 11, 1909, which reversed an order of Special Term denying a motion to set aside an execution against wages, earnings or salary issued under section 1391 of the Code of Civil Procedure.

The following questions were certified:

" *First.* Was the order herein appealed from to the Appellate Division of Mr. Justice FITZGERALD, entered in the county clerk's office of New York county, March 23, 1909, denying

the motion to vacate the order of Mr. Justice Mitchell L. Erlanger, dated January 28, 1909, authorizing the issuance of an execution under section 1391 of the Code of Civil Procedure, as amended by chapter 148 of the Laws of 1908, taking effect September 1st, 1908, proper and valid, although the judgment upon which said order for the writ of execution herein was obtained, was entered prior to September 1st, 1908, when said amendment to section 1391 of the Code of Civil Procedure took effect?

"*Second.* Were the moneys advanced to the defendant appellant in this action, earnings, wages or salary, within the meaning of section 1391 of the Code of Civil Procedure, permitting the appropriation of ten per cent thereof toward the payment of the plaintiff respondent's judgment herein ?"

The facts, so far as material, are stated in the opinion.

*Jabish Holmes* and *Ephraim Williams* for appellant. The first question certified should be answered in the affirmative. (*Myers* v. *Moran*, 113 App. Div. 427 ; *Meyer* v. *Halberstadt*, 44 Misc Rep. 408 ; *Bayliss* v. *Ryan*, 117 N. Y. 1022 ; *N. Y. & O. M. R. Co.* v. *Van Horn*, 57 N. Y. 473 ; *Fisher* v. *Hervey*, 6 Col. 16 ; *Morse* v. *Goold*, 11 N. Y. 281 ; *Matter of Davis*, 149 N. Y. 539 ; *Lazarus* v. *M. E. Ry. Co.*, 145 N. Y. 581 ; *Southwick* v. *Southwick*, 49 N. Y. 510; *Reynolds* v. *Ward,* 63 N. Y. 57 ; *Van Rensselaer* v. *Snyder*, 13 N. Y. 299 ; *Conkey* v. *Hart*, 14 N. Y. 22; *P. E. P. School* v. *Davis*, 31 N. Y. 574; *Peace* v. *Wilson*, 186 N. Y. 403.) The question whether "moneys advanced to the defendant in this action are earnings, wages or salary within the meaning of section 1391 of the Code of Civil Procedure permitting the appropriation of ten per cent thereof towards the payment of the plaintiff's judgment," should be answered in the affirmative. (*Hollander* v. *Friedenberg*, 60 Misc. Rep. 566.)

*T. Gainsburg* for respondents. Section 1391 of the Code of Civil Procedure, as amended by chapter 148 of the Laws

of 1908, is not retroactive. (*King* v. *Irving*, 103 App. Div. 420; *Sloan* v. *Tiffany*, 103 App. Div. 540; *Ringe* v. *Mortimer*, 116 App. Div. 722; *Demuth* v. *Kemp*, 130 App. Div. 546; *Kelly* v. *Mulcahy*, 131 App. Div. 639; *N. Y. & O. M. Ry. Co.* v. *Van Horn*, 57 N. Y. 473; *Matter of Albany St.*, 11 Wend. 148; *Matter of John & Cherry Sts.*, 19 Wend. 659; *Taylor* v. *Porter*, 4 Hill, 140; *Cochran* v. *Van Surley*, 20 Wend. 365; *Embry* v. *Conner*, 3 N. Y. 511.) The money advanced to the defendant is neither earnings, wages nor salary, within the meaning of section 1391 of the Code of Civil Procedure, permitting the appropriation of ten per cent thereof towards the payment of the plaintiff's judgment. (*Schlesinger* v. *Burland*, 42 Misc. Rep. 206; *Flanagan* v. *Fox*, 6 Misc. Rep. 132; 144 N. Y. 706.)

WILLARD BARTLETT, J.   Prior to September 1, 1908, an execution to reach the wages, debts, earnings or salary due and owing to the judgment debtor could be issued under section 1391 of the Code of Civil Procedure only where the judgment had been recovered wholly for necessaries sold or work performed as a domestic, or for salary owing to an employee of the judgment debtor.   By an amendment to that section which took effect on September 1, 1908 (Laws of 1908, chap. 148), such an execution was made issuable on any money judgment.

(1) The first question certified by the Appellate Division is whether such an execution, namely, an execution against wages, debts, earnings or salary, can lawfully be issued upon a judgment recovered *before* September 1, 1908.   Or was the amendment designed to authorize such executions only upon judgments which should be recovered *after* that date?

An execution is a remedy; it is a remedial process.

Statutes regulating legal remedies are generally construed as operative upon an existing condition of things as well as upon conditions to arise after their enactment.   "Where a new statute deals with procedure only, *prima facie* it applies to all actions — those which have accrued or are pending

and future actions." (Sutherland on Statutory Construction, p. 630.) Section 1391 of the Code of Civil Procedure, as amended in 1908, begins with the words: " Where a judgment *has been* recovered," etc.

There is nothing in the language of the amendment to indicate a legislative intention that the right to issue execution against wages, earnings or salary shall be confined to cases in which the judgments are hereafter to be recovered. It is enough that a judgment " has been recovered " when the execution is sought to be issued.

A difference of opinion has arisen between the Appellate Division in the first department and the Appellate Division in the second department in regard to this question. The views of the Appellate Division in the first department are expressed in the opinion in the present case and in *Kelly* v. *Mulcahy* (131 App. Div. 639). The views of the Appellate Division in the second department are set forth in *Myers* v. *Moran* (113 App. Div. 427). We have reached the same conclusion as that arrived at by Mr. Justice JENKS in that case, to wit, that under section 1391 of the Code of Civil Procedure, as amended in 1908, the court may allow execution to issue against wages, although the judgment upon which the execution is sought was rendered before the enactment of the amendment.

The amendment to section 1391, like the whole section as it stood before the amendment, relates to proceedings in a law suit, *i. e.*, the execution or final process; hence it is a statute dealing with a legal remedy. It applies to all cases which have reached the intermediate stage between judgment and execution. As has been pointed out the phraseology of the amendment does not require us to construe it as applicable only to future judgments. It matters not that when the judgment was recovered an execution could not issue thereon against wages, earnings or salary; it is enough that such an execution has subsequently been authorized. The statutory authorization for its issuance does not impair the obligation of any contract or affect any vested right; it merely fur-

nished the judgment creditor with a broader and more effective remedy than the law gave him before. To this there is no constitutional objection. Such an application of the statute is not so much retroactive as active upon an existing condition of things, to wit, existing judgments which are yet to be enforced by execution.

In support of this construction we do not deem it necessary to cite the numerous cases which might be cited in addition to those to which Mr. Justice JENKS refers in *Myers* v. *Moran* (*supra*). We may mention a few others, however, which are particularly forceful. In *Sampeyreac* v. *United States* (7 Peters, 222) it was said that it had been repeatedly decided in the Supreme Court of the United States that the retrospective operation of a law providing a remedy forms no objection to it. " Almost every law providing a new remedy affects and operates upon causes of action existing at the time the law is passed." The case of *People ex rel. Israel* v. *Tibbets* (4 Cowen, 384) was an application by the attorney-general for leave to file an information in the nature of a quo warranto under an act to prevent fraudulent bankruptcies by incorporated companies and to facilitate proceedings against them, passed April 21, 1825. The statute altered the mode of the proceeding so as to permit greater expedition, and the question was whether it applied to a matter which had been instituted before its enactment. The Supreme Court held that it did, and that the statute was applicable to all cases within its purview, whether any incipient proceedings might have taken place before its passage or not. In *Jacquins* v. *Commonwealth* (9 Cush. 279) it was held that an act of the legislature relating to future proceedings by writs of error in criminal cases was not retroactive in an obnoxious sense because it related to writs of error on past judgments, inasmuch as it dealt with a legal remedy. In *Fisher* v. *Hervey* (6 Col. 16) the question was whether a justice of the peace, under a recently enacted statute concerning garnishments, was authorized to issue garnishee process on a judgment rendered before the passage of the act. It was held that the statute was remedial in its character and

should be liberally construed for the advancement of the remedy; and that it empowered justices of the peace to issue garnishee process on judgments rendered before the act was passed. This was notwithstanding that the first clause of the section of the act might have been regarded as indicative of a design to confine its operations to future judgments, for it began with the words "Whenever a judgment shall be rendered by any court of record or any justice of the peace," etc.

The first question must, therefore, be answered in the affirmative.

(2) The second question certified to us is whether the $1,000 a month received by the respondent from his employer were wages, earnings or salary within the meaning of section 1391 of the Code of Civil Procedure.

The opinion of the Appellate Division indicates that it had not considered or decided this question. Its order of reversal was really based solely on the proposition that the amendment of 1908 had no effect to authorize the issuance of an execution against wages, earnings or salary upon judgments already recovered.

I was at first inclined to think that the affidavits upon the motion to vacate the order directing execution to issue presented such a conflict in the statements of fact regarding the conditions of the judgment debtor's employment as to preclude us from answering this second question; but upon further consideration I agree with a majority of my brethren that there is no substantial dispute as to what the arrangement really was and that the compensation received by the judgment debtor thereunder constitutes wages, earnings or salary under the Code provision in question.

The judgment debtor is employed as a salesman by a firm engaged in the cloak business. His contract with his employers entitles him to receive a commission of 6% on sales of merchandise made to his own customers and 2½% on all increases in sales made to customers whose names already appear on the books of the firm. He is paid $1,000 a month

in advance of the rendition of his services.    At the end of the
fiscal year if it is found that the sales effected by the judg-
ment debtor entitle him to commissions in excess of the
amount paid to him he receives the additional commissions.
If, on the other hand, he has been overpaid, the overpayment
is charged against his future commissions.    The arrangement
amounts really to a contract for the payment of wages in
advance.    The parties have measured the amount of the
employee's monthly wages by estimating the probable sum of
his monthly commissions.    Under the contract he is entitled
to the payment of $1,000 at the beginning of the month ; and
hence it would seem to be tolerably plain that his wages are
due and owing to him when he receives them.

It follows that the second question must also be answered in
the affirmative.

The order of the Appellate Division should be reversed and
that of Special Term affirmed, with costs in both courts, and
both questions certified answered in the affirmative.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN,
HISCOCK and CHASE, JJ., concur.

Ordered accordingly.