IN THE MATTER OF THE ESTATE OF ADOLPH SUTRO, DECEASED.

[No. 51 (N. S.); February, 1912.]

**Executors—Application for Allowance and Commissions.**—Section 1616 of the Code of Civil Procedure, as amended in 1911, referring to applications by executors and administrators to the court for allowances to them on their commissions, is remedial in nature, and therefore, by being applied to present proceeding, not given a retroactive effect.

Application of Georgiana A. Adamson for partial allowance of compensation of W. H. R. Adamson, deceased, executor.

Joseph C. Campbell, for applicant.

The question before the court is, whether the recent amendment of section 1616, Code of Civil Procedure, is operative upon estates which were pending, at the time of the enactment of the amendment. The new paragraph of the section reads:

"At any time after one year from the admission of the will to probate, or the granting of letters of administration, any executor or administrator may, upon such notice to the other parties interested in the estate as the court shall by order require, apply to the court for an allowance to himself upon his commissions, and the court shall, on the hearing of such application, make an order allowing such executor or administrator such portion of his commissions as to the court shall seem proper, and the portion so allowed may thereupon be charged against the estate."

The sole objection urged to the application of this amendment is, that it would be giving it a retroactive operation.

It is in order, then, to first ascertain what the supreme court has said concerning the meaning of "retroactive legislation."

In Higgins v. Bear River Mining Co., 27 Cal. 153: "A statute which takes away or impairs any vested right acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect to any

transactions or considerations already past, is to be deemed retrospective.''

It was held in Litson v. Smith, 68 Mo. App. 397, that a statute is not retrospective in the constitutional sense because a part of the requisites for its action is drawn from a time antecedent to its passage: Citing Endlich on Interpretation of Statutes, secs. 280, 287, and Locke v. New Orleans, 4 Wall. (U. S.) 172, 18 L. Ed. 334.

Therefore, under the definition given by the supreme court, the question which will determine this application is whether a new right has been given by the enactment of the amendment quoted.

While at first it might seem that the legislature has created a new right which did not exist before, we must interpret the law in the light of the former decisions of the supreme court, where it has been held that executors' compensation is not payable until the settlement of the final account, because the commissions cannot until that time accurately be calculated.

These decisions, however, concede that the compensation of the executor is being earned throughout the entire administration of the estate, but hold that payment at any time before the settlement of the final account is inexpedient. By this amendment the legislature has provided for part payment of the executor's compensation at an earlier time.

It is, therefore, merely a matter which affects the remedy of the executor, and in giving the amendment application to pending estates, we are not giving it retroactive operation.

This proposition was before the supreme court of California in Swamp Land District Co. v. Glide, 112 Cal. 85, 44 Pac. 451.

There an assessment was levied under section 4366 of the Political Code, which provided at the time that the board of trustees should begin suit for such assessment at a certain time. The section was subsequently amended to provide for a suit at a different time. The supreme court held that the amendment operated upon assessments which had been levied before the amendment was enacted; that so applying it was not giving it a retroactive operation; that the amendment

"merely changed the mode of procedure for collection by providing for installments and by changing the time when cause of action accrues."

We shall now cite cases in the supreme court of California, and in other states, where it has been decided that laws which are remedial in their nature should be applied to pending proceedings, and that such application is not giving the law a retroactive force.

In Gilman v. County of Contra Costa, 6 Cal. 676, concerning an act which permitted suit to be brought against counties, it was sought to give it an application to a contract that had been made and performed prior to the passage of the act. It was argued that if the act were construed to give the plaintiff the right to maintain an action against the county upon a demand which accrued entirely before its passage, it is open to the objection that it impairs the vested right enjoyed by the county in its sovereign nature of exemption from actions, and of its power to postpone payment or refuse to pay at all. It was further argued that the act was not remedial and cannot have such retrospective effect as to create a legal liability on the part of the county to perform what before the passage of the act was only the duty of the county to perform. The court held that the act applies as well to claims existing before its passage as to those which arose afterward: Bensley v. Ellis, 39 Cal. 309.

In Dent v. Holbrook, 54 Cal. 145, the complaint was filed on March 6, 1877, for the conversion of stock. Section 3336, Code of Civil Procedure, which provided for the damages to be recovered in such an action, was amended January 22, 1878. The court held that the rule of damages depends upon the statute as amended.

Oullahan v. Sweeney, 79 Cal. 537, 12 Am. St. Rep. 172, 21 Pac. 960, held that an act amended in March, 1885, so as to require the purchaser of property sold for delinquent taxes to serve notice on the owner before application for a deed, affected the remedy only and applied to a sale made in February, 1885, before the amendment was passed.

Kerckhoff-Cuzner Mill & Lumber Co. v. Olmstead, 85 Cal. 80, 24 Pac. 648, held that the rights of a mechanic's lien claim-

ant were governed by the law as amended, though he furnished the materials before that time.

In Chapman v. State, 104 Cal. 690, 43 Am. St. Rep. 158, 38 Pac. 457, by reason of the negligence of the harbor commission, plaintiff had a cause of action against the state, but his only remedy was to present a claim. Subsequently by the act of February 28, 1893, the right to bring a suit against the state was given. It was held that the plaintiff could take advantage of this new law; that it did not create any new liability or cause of action, but merely gave an additional remedy, and is not, even as applied to prior contracts, in conflict with any provision in the constitution.

In Collier v. Shaffer, 137 Cal. 319, 70 Pac. 177, it appeared that at the time when a sale was made for delinquent taxes, the law provided that the county auditor should be paid by the redemptioner the sum of two dollars for making out the estimate; later, in 1895, the law was amended eliminating the fee. The court held that the amendment went to the remedy, and was operative upon the sale which had previously taken place.

In New York in Re Commissioner of Public Works, 11 App. Div. 285, 97 N. Y. Supp. 503, it seems that during the pendency of eminent domain proceedings, the law was amended so as to give the right of appeal for the first time from the report of the commissioners. The court held that the amendment applied to the case, being a provision governing practice: Myers v. Morgan, 113 App. Div. 427, 99 N. Y. Supp. 269; Litch v. Brotherson, 25 How. Pr. 407.

In New Hampshire, Hardy v. Gage, 66 N. H. 552, 22 Atl 557, was a case of probate proceedings. The case had construed the will of the decedent as limiting a remainder to her next of kin at the time of the death or her surviving child. Subsequent to the death of the testator and the administration proceedings, a statute was passed extending representation to grandchildren of brothers and sisters. The court held that the new law was operative in this case and determined who, at the time of the death of the surviving child, were the next of kin, and that it did not disturb any vested right.

In Indiana the court said in Connecticut Mutual Life Ins. Co. v. Talbot, 113 Ind. 373, 3 Am. St. Rep. 655, 14 N. E. 586: "Statutes are to be construed and applied prospectively unless a contrary intent is manifested in clear and unambiguous terms. This is undoubtedly the general rule: the better rule of construction, and the rule peculiarly applicable to remedial statutes, however, is that a statute must be so construed as to make it effect the evident purpose for which it was enacted; and if the reason of the statute extends to past transactions as well as to those of the future, then it will be so applied although the statute does not in terms so direct, unless to do so would impair some vested right or violate some constitutional guaranty. In ascertaining the intent of the legislature in the enactment of a statute, courts will take judicial notice of such contemporaneous history as led up to and induced the passage of the law."

The court then mentions the case in which it was declared that no statute existed in Indiana making provision for recording an assignment of mortgage, which case was decided May, 1875. At the ensuing session of the legislature, the act under consideration was passed.

"We have no doubt but that the act was intended to remedy the defect declared to exist in the registry law. . . . The reason and the policy of the act applied with as much force to assignments such as that herein involved as to those which should be made after it took effect."

The force of this case lies in the fact that the law there under consideration was passed for the purpose of remedying a defect in the existing law.

It will be remembered that at the hearing of this application, this court remarked that the purpose of the amendment of section 1616, Code of Civil Procedure, was to destroy the effect of the Estate of Hite, Deceased, decided by the supreme court of California. The case next referred to involves the same point. It is also a case where the new law was held to operate in the matter of probate proceedings.

In Minnesota a law was passed in 1897 providing that "when any person shall die intestate, where administration shall not have been granted for five years from the death of

the decedent," any heir or grantee may institute certain proceedings. It was objected to the application of this law that the decedent died in 1861, and further that five years had not elapsed since the enactment of the statute, but the court held that it had no doubt that the elimination of difficulties arising from the failure to administer estates and obtain distribution was a legislative reason for the enactment. The word "shall" is often used in remedial statutes, in a general sense, including past as well as future. The act being designed to give a remedy for existing rights, must be liberally construed in order to accomplish the beneficent purpose for which it was enacted, and should be applied to rights and obligations that accrued before its enactment as well as to those to accrue thereafter: Fitzpatrick v. Simonson, 86 Minn. 140, 90 N. W. 378.

In Michigan, in Miller v. Davis, 106 Mich. 300, 64 N. W. 338, in order to establish their title, defendants introduced in evidence proceedings had under the act No. 5990 in 1880, to determine the heirs of one Joseph St. Andre. It was objected that the act was prospective, and that St. Andre had died in 1825, long prior to the passage of the act, but the court held that the act was remedial and took away no vested rights, being to secure the determination of heirship, and therefore was applicable: Vansandt v. Hobbs, 84 Mo. App. 628; Johnson v. Bradstreet Co., 87 Ga. 79, 13 S. E. 250; Phoenix Ins. Co. v. Shearman (Tex. Civ.), 43 S. W. 1063.

Application granted.