(August 2, 1922.)

A. J. BRAINARD, Respondent, v. COEUR D'ALENE ANTIMONY MINING COMPANY, a Corporation, Defendant; M. E. JOLLEY, C. P. BLANKENSHIP, W. J. SMITH, A. L. SMITH, F. D. SIMMES, DAVID LEWIS and E. C. DRINKARD, Appellants.

[208 Pac. 855.]

DEFAULT JUDGMENT—SETTING ASIDE—REMEDIAL LAW—RETROSPECTIVE OPERATION—PENDING PROCEEDINGS—FINAL JUDGMENT—MISTAKE OR NEGLECT OF ATTORNEY—MERITORIOUS DEFENSE.

1. Legislation which affects only the remedy or the procedure embraces pending actions unless it contains words of exclusion.

2. A default judgment does not become final until the expiration of the time allowed for setting it aside.

3. An amendatory statute in regard to setting aside default judgments applies to a motion to set aside such a judgment entered before the statute goes into effect, when the motion is made after such statute goes into effect, and within the time allowed for such a motion by the statute in force at the time the judgment was entered.

4. Where an attorney, who has been usually retained by a defendant, being unable to represent him in a certain case, agrees to retain another attorney for that purpose, and fails to do so, resulting in a default judgment, such judgment is taken against the defendant through the neglect or failure of the attorney within the meaning of C. S., sec. 6726, as amended by Sess. Laws 1921, chap. 235.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert A. Featherstone, Judge.

Action on promissory notes. Appeal from default judgment and order denying motion to set it aside. *Reversed.*

H. J. Hull, for Appellants.

Where a genuine mistake arises or exists between attorneys as to the extent, character or nature of their employment or retainer, it constitutes mistake, inadvertence, surprise and excusable neglect. (*Barto v. Sioux City Electric Co.,* 119 Iowa, 179, 93 N. W. 268; *Buena Vista v. Iowa Falls etc. Ry. Co.,* 49 Iowa, 657, 658; *Seawell (Chatham Lumber Co.) v. Parsons Lumber Co.,* 172 N. C. 320, 90 S. E. 241; *Cline v. Duffy,* 20 N. D. 525, 129 N. W. 75; *Rosen v. Galizio,* 184 Ky. 367, 212 S. W. 104; *Reilley v. Kinkead,* 181 Iowa, 615, 165 N. W. 80; *Combination Fountain Co. v. Rogers* (Tex. Civ.), 186 S. W. 407; *De McKinley v. Tuttle,* 34 Cal. 235.)

When, because of a mistake, misunderstanding or excusable neglect, an attorney withdraws, leaving his client unprotected, the court will set aside the judgment. (*Utah etc. Savings Bank v. Trumbo,* 17 Utah, 198, 53 Pac. 1033; *Nichells v. Nichells,* 5 N. D. 125, 57 Am. St. 540, 64 N. W. 73, 33 L. R. A. 515; *Simpkins v. Simpkins,* 14 Mont. 386, 43 Am. St. 641, 36 Pac. 759; *Adams v. Rathbun,* 14 S. D. 552, 86. N. W. 629.)

Sec. 6726, C. S., as amended by chap. 235, 1921 Sess. Laws, requires the court, as a matter of law, to vacate and set aside the judgment.

The amendment does not tend to destroy or impair a vested right. It gives no rights where none existed, and imposes no previously unknown liabilities. It only affects the remedy or procedure as applied to such a state of facts, to wit: a judgment obtained by default. (*Boise Irr. etc. Co. v. Stewart,* 10 Ida. 38, 77 Pac. 25, 321; *Bensley v. Ellis,* 39 Cal. 309, 313; *In re Potter,* 106 Misc. Rep. 113, 175 N. Y.

Supp. 598; *Laird v. Carton,* 196 N. Y. 169,. 89 N. E. 822, 25 L. R. A., N. S., 189; *Davidoff v. Chipornoi,* 101 Misc. Rep. 291, 166 N Y. Supp. 996; *Judkins v. Taffe,* 21 Or. 89, 27 Pac. 221; *Phoenix Ins. Co. v. Shearman,* 17 Tex. Civ. 456, 43 S. W. 930; *Converse v. Burrows etc.,* 2 Minn. 229; *Fisher v. Hervey,* 6 Colo. 16; *McManus v. Park* (Mo. App.), 229 S. W. 211; *Clugston v. Rogers,* 203 Mich. 339, 169 N. W. 9; *Waddill v. Masten,* 172 N. C. 582, 90 S. E. 694; *Kingan & Co. v. Ossam* (Ind. App.), 121 N. E. 289; *People v. City of Syracuse,* 128 App. Div. 702, 113 N. Y. Supp. 707.)

There is no showing of neglect on the part of the appellants individually; they acted as ordinary prudent men would have acted under similar circumstances when attending to important business, and had a right to rely upon their attorneys to take care of matters in court. (*Reilley v. Kinkead,* 81 Iowa, 615, 165 N. W. 80; *Simpkins v. Simpkins, supra.*)

Jas. A. Wayne and H. E. Worstell, for Respondent.

The determination. of a motion to vacate a default judgment is within the sound judicial discretion of the trial judge; appellate courts are always reluctant to reverse the decision of the trial court on such a motion, and will never do so unless there has been a clear abuse of discretion. (*Western Loan etc. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Holzeman & Co. v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Green v. Kandle,* 20 Ida. 190, 118 Pac. 90; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031; *Richards v. Richards,* 24 Ida. 87, 132 Pac. 576; *In re Pittock's Estate,* 15 Ida. 47, 96 Pac. 212; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Kynaston v. Thorpe,* 29 Ida. 302, 158 Pac. 790; *Beck v. Lavin,* 15 Ida. 363, 97 Pac 1028; *Armstrong v. Hartford Fire Ins. Co.,* 33 Ida. 303, 195 Pac. 301.)

Where several attorneys are associated together in a litigation, the neglect of one is chargeable to all, and the neglect of such attorney is also chargeable to the client. (*Nelson v. McGoldrick Lumber Co.,* 30 Ida. 451, 165 Pac. 1125.)

A judgment in this state is property, of which the owner must not be deprived without due process of law, and the mistake or neglect, to be sufficient to justify the vacation of a judgment, must be such as may be expected on the part of a reasonably prudent person situated as was the party against whom the judgment was entered. (*Ticknor v. Mc-Ginnis,* 33 Ida. 308–311, 193 Pac. 850.)

Chap. 235, Laws 1921, amending sec. 6726, C. S., has no application in this case, (1) because the default in this case was not of the attorney, but was the default of the litigant; and (2) such law did not become effective until after the judgment in this cause was entered. Retrospective effect will not be given to a statute unless it appears that the statute was intended to have such effect. (*Lawrence v. Defenbach,* 23 Ida. 78, 128 Pac. 81; *Bellevue State Bank v. Lilya, ante,* p. 270, 205 Pac. 893.)

McCARTHY, J.—This is an appeal from a default judgment and order denying a motion to vacate it. The affidavits submitted in support of the motion, which were not contradicted, show that appellant Jolley, president of the defendant mining company, upon being served with the summons and complaint, consulted with one Reinking, then practicing law at Wallace, Idaho, relative to the defense of the case. Reinking advised said appellant that he was going to Boise, Idaho, to practice, and would be unable to give the case attention, and that it would be wise for appellants to employ counsel in Spokane, and also R. T. Morgan, of Kellogg, Idaho. Reinking told Jolley that he would retain Morgan as co-counsel for appellants and Jolley authorized him to do so. Thereafter Reinking advised Jolley that he had retained Morgan. Jolley employed E. H. Maloy, an attorney of Spokane, Wash., to try the case, but it was understood that Morgan would attend to the proceedings in the state of Idaho prior to the drawing of the answer and the trial. Reinking took the matter up with Morgan and some discussion occurred between them as to the amount of the fee. Reinking understood that he had employed Morgan,

and agreed to pay the fee demanded and so reported to Jolley. Morgan understood the matter was not definitely .settled, and that Reinking would communicate with him again. In the meantime, Morgan filed a demurrer. Upon this being overruled, some 60 days having elapsed and not having heard again from Reinking or appellants, he supposed that they did not desire his services, and withdrew from the case, failing to file an answer for appellants or notify them to have one filed. This resulted in the entry of a default judgment. Judgment was entered on April 27, 1921. Motion to set it aside was made May 9th, and was denied.

The statute in force at the time the judgment was rendered provided that the court might relieve a party or his legal representative from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect, and this relief might be applied for during the term or within six months after its adjournment. C. S., sec. 6726. Chap. 235, L. 1921, amended this so as to provide: "Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100."

The time to apply for this relief was not changed. The act went into effect May 4, 1921. Judgment was entered on April 27, 1921. The motion to set it aside was made May 9th. Appellants contend that the act of 1921 applies to this case, and respondents contend it does not. Legislation which affects only the remedy or the procedure embraces pending actions unless it contains words of exclusion.

(*Boise Irr. etc. Co. v. Stewart,* 10 Ida. 38, 77 Pac. 25, 321; *Bensley v. Ellis,* 39 Cal. 309; *Judkins v. Taffe,* 21 Or. 89, 27 Pac. 221; *McManus v. Park* (Mo. App.), 229 S. W. 211; *Waddill v. Masten,* 172 N. C. 582, 90 S. E. 694; *Laird v. Carton,* 196 N. Y. 169, 89 N. E. 822, 25 L. R. A., N. S., 189; *Fisher v. Hervey,* 6 Colo. 16; *In re Potter,* 106 Misc. Rep. 113, 175 N. Y. Supp. 598; *Myers v. Moran,* 113 App. Div. 427, 99 N. Y. Supp. 269; *Davidoff v. Chipornoi,* 101 Misc. Rep. 291, 166 N. Y. Supp. 996; *People v. City of Syracuse,* 128 App. Div. 702, 113 N. Y. Supp. 707.) In *Bensley v. Ellis, supra,* the supreme court of California held that a statute enlarging the time for a motion to set aside a default judgment applied to a motion addressed to a judgment rendered before the statute went into effect. In *Laird v. Carton, supra,* the court of appeals of New York held that a statute abolishing the exemption from execution of certain personal property applied to execution on a judgment rendered prior to the going into effect of the statute. In the instant case the judgment was rendered a few days before the new statute went into effect. The existing statute gave appellants the right to move to set it aside during the term or within six months thereafter. Within that time it did not become final. Within that time, in fact just a few days after the judgment was rendered, the statute was amended so as to alter and enlarge the grounds upon which a default judgment might be set aside. Thereafter appellant's motion was made. We conclude that the statute applied to the motion. In *Ticknor v. McGinnis,* 33 Ida. 308, 193 Pac. 850, this court held: "A judgment is property of which the owner must not be deprived without due process of law."

The setting aside of a default judgment on grounds provided by the statute constitutes due process of law, and applying a statute to such a motion, made after the statute went into effect, but before the judgment became final, is not a deprivation of due process of law, even though the judgment was rendered before the statute went into effect. We find nothing in our decision in *Bellevue State Bank v.*

*Lilya, ante,* p. 270, 205 Pac. 893, which conflicts with this conclusion. In that case there was no motion pending, nor could one be made, at the time the amended statute went into effect. The only matter to which the amended statute could possibly apply had been finally disposed of long before.

The next question is: Was this judgment taken against appellants through the neglect or failure of their attorneys to file or serve a paper within the time limited therefor, and without default on the part of appellants themselves? We conclude that this question should be answered in the affirmative. Appellants were not guilty of any negligence in employing Maloy for special and limited purposes. They were not guilty of negligence in directing Reinking to employ Morgan, and in relying on him to do so. The failure to file an answer was due to the fact that Reinking and Morgan failed to reach a complete understanding. These circumstances constituted neglect and failure of the attorneys within the meaning of the 1921 act, resulting in the default judgment. It is true that this court has often held, in considering the old statute, that an order of the district court setting aside a default judgment, or refusing to do so, will not be reversed except for an abuse of discretion. In this case the facts are clear and uncontradicted, and left no discretion in the trial court if the new statute applied. It is evident to us, from statements in the briefs and on the argument, that the learned trial judge was of the opinion that it did not apply.

Respondents also raise the point that the affidavit of merits, and the answers, proffered by appellants with the motion, do not show a good defense. We do not think this contention is sound. Appellants allege, in their proffered answers that Jolley owns a mining claim, involved in the action, called the Pine Lode. They also allege that the defendant company mortgaged said mining claim to the appellants to secure advances which they made to it. Respondents say that Jolley would never have taken a mortgage from the company on property which he claimed to

own, and argue from this that the answer does not present a meritorious defense. An answer to this is perhaps found in the added fact that Jolley had contracted to sell said mining claim to the company. The mortgage in question also covered another claim owned by the company, and it would not be unnatural for Jolley to have the first claim included, in the expectation that the company might comply with its contract and obtain title from him. Respondents also contend that bad faith is shown by the fact that the proffered answers deny the execution of the company's note, which was sued upon and introduced before the trial court. We cannot consider matters which are not before us. It may well be that the appellants are not attempting to deny the physical execution of the note by Jolley as president, but are denying its validity as against the corporation.

The order appealed from is reversed and the cause remanded to the trial court, with directions to enter an order setting aside said default and judgment as against appellants and permitting the filing of their proffered answers.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.