While the applications of Allen & Company and Palley are consolidated, each asks for the list. The court in granting the inspection may under the statute make such order with regard thereto as to it may seem fair. Mr. Brower, the president of the company, expresses the fear that the circulation of letters to the certificate holders might impair the company's interests. Nothing herein has been shown as the basis for such fear. However, Allen & Company offer that their right to inspection be subject to such restrictions as may be imposed by the court, and in this offer Palley joins. The court will, therefore, grant the relief prayed for upon the following conditions: That the petitioners be given the right to inspect the list; that the actual list of certificate holders be deposited with a referee to be appointed by the court; that no communication be sent to the certificate holders unless it shall first be approved by the referee; that any documents which certificate holders are requested to sign, including any power or proxy to act for them at any meeting or otherwise, be likewise subject to the prior approval of the referee, and that the referee take such action and have such duties and powers as shall be embodied in the order appointing him.

Settle order.

In the Matter of the Petition of CHARLES ALLEN, JR., and Others, General Partners, and RITA ALLEN, Special Partner, Doing Business under the Firm Name and Style of ALLEN & COMPANY, Petitioners, for the Removal of GEORGE W. TREAT and Others, as Voting Trustees of the Common Stock of WICKWIRE SPENCER STEEL COMPANY, Respondents.*

Supreme Court, Special Term, Bronx County, April 23, 1942.

---

*Affd., 264 App. Div. 764; motion for leave to appeal to Court of Appeals or for reargument denied, Id. 838.

*Jacob L. Holtzmann* [*Marvin M. Notkins* of counsel], for the petitioners.

*Larkin, Rathbone & Perry* [*Henry E. Kelley* and *Francis S. Bensel* of counsel], for the respondents.

McGeehan, J. This is a proceeding instituted by the petitioners as voting trust certificate holders for the removal of the respondents as voting trustees of the common stock of Wickwire Spencer Steel Company (hereinafter referred to as Wickwire).

The petition sets forth that the respondents and one John H. Fahey (who is not made a party) were in 1937 appointed voting trustees pursuant to an agreement vesting in them the right to vote the stock of Wickwire; that the agreement was entered into pursuant to provision therefor embodied in a plan for the reorganization of Wickwire confirmed by the United States District Court for the Western District of New York, and was executed within the State of New York; that all of the issued stock of Wickwire, which is the subject of the trust, was deposited with the Chase National Bank of the City of New York and is now in possession of the bank within the State; that the trustees issued voting trust certificates to the beneficial owners of the stock and designated the Chase Bank to act as the transfer agent for such certificates; that Wickwire, while incorporated under the laws of Delaware, has its principal and executive offices in New York city; that it has filed a certificate qualifying it to do business in this State; that its principal business operations are conducted within the State, and that the greater part of its property is located here. It is further alleged that the voting trust agreement provided that the voting trust was to terminate on March 1, 1942, but that in the event that the company should at that time be indebted to the Reconstruction Finance Corporation the trust was to continue until such indebtedness was paid. The petition then proceeds to state that by reason of their power to vote all of the stock the respondents elected themselves

directors and have at all times been in full and complete control of the management and operation of Wickwire; that respondent Treat was named chairman of the board at a substantial salary and that the other respondents are in receipt of salaries, fees or other payments from the company and that all the respondents are receiving benefits by reason of their positions as voting trustees. There are then alleged facts to show that respondents acted in a manner beneficial to themselves and to their own personal advantage and interest and opposed to and inimical to the interests of the certificate holders and in violation of the trust, by improperly prolonging the voting trust beyond March 1, 1942, and by withholding from the certificate holders since that date the right to vote the stock of which they are the beneficial owners. Various acts of commission and omission are set forth, by which the respondents put to naught the provision of the agreement which would have terminated the trust on March 1, 1942, the date fixed for its expiration. The only reason the trust continued beyond that date is that there is an indebtedness due to the R. F. C. The petition states that this debt could have been paid out of earnings prior to March 1, 1942, and could likewise have been paid out of the proceeds of a new loan obtainable at terms more favorable to the company; that the respondents refused the petitioners' offer to procure such refinancing. The further allegation is made that there was enough cash on hand to liquidate the R. F. C. loan without any borrowing, but that the respondents, because of their desire to continue in control of the company, to their own personal advantage, have improperly failed to effect payment of such debt.

Additional facts are alleged to show that respondents are acting in violation of their duty as trustees in other respects.

Petitioners charge that, by reason of the foregoing, the respondents have become unsuitable persons to discharge the trust devolving upon them under the voting trust agreement, and they seek to have the respondents removed as trustees and suitable persons appointed in their place.

Petitioners bring this proceeding under the provisions of subdivision 3 of section 115 of the Stock Corporation Law, which section was added by chapter 121 of the Laws of 1942, effective on March 17, 1942. The subdivision referred to reads as follows:

" 3. Where the voting trust agreement shall vest in the voting trustee or trustees the right to vote the stock of a foreign corporation having an office for the transaction of business within this State and the principal operations of which shall be conducted within the State or where the greater part of its property shall be located within the State, the voting trust agreement shall be deemed

an express trust created under the laws of this State and the Supreme Court upon the petition of a voting trust certificate-holder may exercise such power over the trustee or trustees named therein as is granted to the court by section one hundred and twelve of the Real Property Law."

The latter section (Real Prop. Law, § 112) recognizes the power of the Supreme Court to remove a trustee who has violated his trust or who for any cause shall be deemed to be an unsuitable person to execute the trust.

The respondents Treat, Lee and Lockett, who are the only trustees proceeded against here, appear generally and move to dismiss the petition on the grounds that (1) the court has no jurisdiction of the subject of the proceedings: (2) the petition fails to set forth facts sufficient to constitute a cause of action against the respondents, and (3) there is no warrant in law for the institution of such a proceeding.

The court finds no basis for any of the grounds urged. The court has jurisdiction over the parties and likewise over the subject matter of the application. Even prior to the enactment of section 115, the court had the power for proper cause to remove trustees. This new legislation is merely declaratory of the common law in so far as its substance is concerned and gives recognition to a power that the court always possessed. Its only effect is to regulate the remedy and the procedure in connection with the exercise of such power. Where formerly the court could act where an action was brought for such relief, it may now, in the cases to which this statute is limited, entertain a proceeding instituted by petition.

The statute being remedial in its nature is not limited to voting trustees named in agreements entered into subsequent to its effective date. (Crawford on Statutory Construction, § 285; *Laird* v. *Carton*, 196 N. Y. 169; *Brearley School* v. *Ward*, 201 id. 358.)

The argument that the clause in the agreement exculpating them from liability would be affected by this statute is without force. Assuming the validity of such exculpatory clauses, their effect may be to afford the trustees immunity from personal responsibility, but certainly the exculpatory clauses could not bar the removal of trustees if it should be established that they violated their trust or are unfit persons to remain as trustees. It is true that as long as any indebtedness is due to the Reconstruction Finance Corporation the latter has certain rights under the agreement, but the R. F. C. is not a party here and there is no reason to assume that the court will do anything in derogation of said rights.

The court overrules the objection that the court does not have jurisdiction of the subject-matter of the proceeding, and that there is no authority in law for the proceeding, and likewise the objection

that the petition fails to state facts sufficient to constitute a cause of action against the respondents. Enough is set forth to call upon respondents to answer. Their cross-motion to dismiss the petition is, therefore, denied.

The court will grant the petitioners' application to the extent of taking jurisdiction of this proceeding. The respondents will be given ten days within which to answer. The court will hold in abeyance its decision on the motion to grant the relief prayed for in the petition, pending the submission of the answer.